DEVOY *vs.* THE MAYOR, ALDERMEN AND COMMONALTY OF
THE CITY OF NEW YORK.

The board of supervisors of the city and county of New York have power to
fix or increase the salary of the clerk of a police court; more especially
if such increase is made in pursuance of an act of the legislature, or ·is
subsequently ratified by them.

The change of the appointing power from the mayor and common council to
the board of police did not relieve the corporation from liability to pay
whatever it was bound to pay, before.

APPEAL by the defendants from a judgment entered at a
special term, on the verdict of a jury. By an act passed
in 1848, (*Laws of* 1848, *p.* 249,) the city of New York was
divided into six judicial districts, (§§ 1, 7.) By § 3 of said
act the common council of said city were to appoint and fix
the salary of a clerk for each of said courts. By § 9 of said
act the clerks appointed under the act were to account for
and pay into the city treasury all fees and perquisites. By
an act passed in 1851, (*Laws of* 1851, *p.* 271,) the act of
1848 was amended so that the appointment of police court
clerks was given to the mayor and board of aldermen, or a
majority thereof. The compensation of these clerks was to be
fixed by the common council, and not increased or diminished
during their continuance in office. In the same year, (*Laws*
*of* 1851, *p.* 958,) § 9 of the act of 1848 was repealed, and it
was provided that, "for the increase of duties hereby created,
the board of supervisors of the city and county of New York
are hereby authorized to increase the salaries of th'e justices
and clerks elected and appointed under that act, or who may
hereafter be elected and appointed under this act, the same
to be paid out of the city treasury, on the first day of each
month, and the salaries thus fixed shall not be increased or
diminished during the term for which they are elected and
appointed." By an act passed in 1852 (*Laws of* 1852,
*p.* 471, §. 3) it was provided that "the salaries of the police
clerks shall be the same sum as fixed by the board of super-
visors of the city and county of New York, by resolution

passed on the 2d day of January, 1852.   January 3d, 1852, the board of supervisors passed a resolution fixing the salaries of the clerks of police courts at $1250 per annum.   By an act passed April 10, 1855, (*Laws of* 1855, *p.* 502,) the mayor and the board of aldermen, or a majority thereof, were authorized to meet in convention, when directed by the board of aldermen, and appoint the police court clerks, and clerks of district courts.   December, 13, 1855, the boards of supervisors adopted a resolution directing that the clerks of the police courts be paid, for extra services, in addition to their existing salary, at the rate of one-sixth of the compensation they then received.   By an act passed March 10, 1857, (*Laws of* 1857, *vol.* 1, *p.* 197,) that resolution was "declared to be lawful, and of binding force."   By an act passed April 15, 1857, (*Laws of* 1857, *vol.* 1, *pp.* 211, 212,) it was provided that "the board of police shall appoint all court clerks prescribed to the judicial districts in which police justices are elected in the city and county of New York, and it shall designate the courts at which they shall do duty respectively."   By § 35 of said act (*Laws of* 1857, *vol.* 2, *p.* 218) it was provided that "all statutes, parts of statutes and provisions of law, inconsistent with the provisions of this act, are hereby repealed."   The mayor and aldermen met in convention, December 31, 1857, and appointed Edwin Bouton as clerk of the first district police court.   Bouton assigned his claim for salary as such clerk for April, May and June, 1858, to Devoy, the plaintiff here, who brought this suit for three months' salary, claiming to be paid by the corporation at the rate allowed by the two resolutions of the board of supervisors of January 3, 1852, and December 13, 1855. At the trial the defendants' counsel objected to the admission as evidence against the defendants of either resolution of the board of supervisors.   It was also claimed by the defendants' counsel that the acts of 1851 and 1855, so far as they gave the power of appointing clerk to the mayor and aldermen were repealed.   The court below overruled the

Devoy *v.* Mayor &c. of New York.

objections as to admissibility of the resolutions, and directed a verdict for the plaintiff for $459.68.

*J. E. Develin* and *Geo. R. Thompson,* for the appellants.

*Felix Hart,* for the respondent.

*By the Court,* INGRAHAM, J.   The question raised in this case was examined and decided in the common pleas, in *Canniff* v. *The Mayor &c. of New York,* (4 *E. D. Smith,* 430.) It was there held that under the act of 1851 the supervisors might fix the salary of the clerk of a police court, and that he could recover the same from the defendants. The same rule would apply to a subsequent increase of salary; more especially if such increase was in pursuance of an act of the legislature, or was subsequently ratified by them.

The change of the appointing power from the defendants to the board of police did not relieve them from liability to pay whatever they were bound to pay before.

The same principle was stated by Nelson, Ch. J. in *The People ex rel. Lynch* v. *The Mayor &c.* (25 *Wend.* 680, 685,) in which the judges of the sessions sought to recover from the defendants the salary given by the statute. He says: "This was a legal duty enjoined by competent authority, which the corporation are bound to discharge. It is as binding on them as if entered into under their corporate seal."

These cases are so conclusive on this question that no further examination is necessary.

Judgment affirmed with costs.