## JOSEPH B. SMITH, APPELLANT, *v.* THE MAYOR, &c., OF THE CITY OF NEW YORK, RESPONDENTS.

*Assignment—Public Office—Fees—Contract.*

An office in this country is not property, nor are its prospective fees the property of the incumbent, which can be sold or assigned.

The office of Street Commissioner in New York is a public office, and is not the property of the incumbent, and the right to fees or compensation does not grow out of any contract between the government and the incumbent, but for services rendered.

A person holding an appointment of Deputy Collector of Assessments, in the city of New York, holds no contract with the government, and is legally entitled to fees only to the extent of actual service as such Deputy Collector.

THIS is an appeal from an order made by the General Term of the Court of Common Pleas for the city and county of New York, reversing a judgment, entered upon the report of a referee, in favor of the Appellant, and against the Respondents, for $1,505.60, and ordering a new trial, with costs to abide the event.

One John J. Roof was appointed a Deputy Collector of Assessments, on the 1st day of July, 1857, by Charles Devlin, then Street Commissioner of the city of New York, and duly qualified as such. He was removed from office on the 29th day of April, 1858, by Edward Cooper, then Street Commissioner. From the 1st day of July, 1857, until the 29th day of April, 1858, the said Roof was always ready and willing, and daily offered to enter upon and discharge all the duties of his said office, but the Respondents neglected and refused to allow him so to do, or to furnish him any employment in his said office; and he did not in fact discharge any of the duties.

During the same period of time the said Roof was directed by the Street Commissioner of the Respondents to hold himself daily in readiness to enter upon the duties appertaining to his office,

and to attend at the Street Commissioner's office every day ; and with these directions he complied..

There are by law one Collector and four Deputy Collectors of Assessments, and their compensation depends upon the amount of assessments collected during their respective terms of office. Every assessment list includes two and one-half per cent. on the amount of the assessment, as a compensation to the Collector and Deputy Collectors of Assessments ; and it is provided by an ordinance that the warrants shall be delivered in such manner as that each Deputy shall receive an equal number of lists for collection ; and it is the practice that the compensation of each Deputy Collector is one-fifth of two and a half per cent. of the whole amount of assessments collected during his continuance in office.

The entire amount of assessments collected during the continuance of Roof in office was $237,678.23.   One-fifth of two and a half per cent. of this sum is $1,188.39.   During the continuance of said Roof in his said office, other employment, worth $3,000 per year, was offered to him.

The claim of Roof was assigned to the Appellant on the 20th day of October, 1858.

The office of Street Commissioner of the city of New York is a public office, created by law, and having extensive powers, among which is that of appointing Collectors of Assessments.   There were contending claimants for the office of Street Commissioner— Devlin and Conover, the Plaintiff holding under Devlin.

An injunction was issued by the Supreme Court, restraining Devlin and his subordinates from acting until the decision of the case by the Court.   The judgment was in favor of Devlin, under whom the Plaintiff claimed.   The collections were made by Ira P. Libby, one of the Collectors who were retained.

*A. R. Lawrence*, Jr., for Appellant.
*John K. Porter* for Respondents.

HUNT, CH.J.—The substance of the Plaintiff's allegations is this : that Roof was appointed to the office of Deputy Collector of Assessments in the city of New York, in July, 1857, and con-

tinued to hold such office for about nine months; that he was ready and willing to perform its duties, but the Defendants would not permit him; that another person performed them and received the fees; that if he had performed these duties he would have received fees to an amount set forth; and upon these facts he alleges that the Defendants are indebted to him in the amount he would so have earned, and asks a judgment therefor.

An office in this country is not property, nor are the prospective fees of an office the property of the incumbent (Conner *v.* Mayor, 1 Seld. 285).

The incumbent cannot sell his office, or purchase it, or encumber it. It will not pass by an assignment of all his property, nor will such assignment affect his right to prospective fees (id., and cases cited, p. 290).

The Legislature may diminish or abolish fees at pleasure, or may render it a salaried office. The city of New York may do the same, when it fixes the rate of compensation. It is only in the cases of a few of the State officers that the constitution prohibits such interference. The same authority holds, and it is conceded by the Appellant here that the right to fees or compensation does not grow out of any contract between the government and the officer, but arises from the rendition of the services (id.; Dart. Col. *v.* Woodward, 4 Wheat. R. 627; The People *v.* Warner, 7 Hill, 81; S. C. 2 Denio, 272).

An office is an appointment or authority on behalf of the government to perform certain duties, usually at and for a certain compensation. Both the office itself, and the compensation, upon general principles of law, are entirely within the control of the government, to diminish, increase, or abolish. So it may at any moment be given up by the incumbent. There can be neither property nor contract in such a subject.

It is but a deputation for the benefit and advantage of the government. As the Plaintiff had no contract with the city of New York, upon the principles stated there could be no indebtedness for a breach of its terms, and the Plaintiff's action must fail. The Appellant cites several cases to show that an officer of a

municipal corporation may maintain an action as on a contract against the corporation for the fees or salary attaching to his office. They are all cases, however, where the officer, being in possession, had actually performed the duties of his office, and do not involve the principles of the case before us. Thus, in Devoy *v.* The Mayor (39 Barb. 169), and in Canniff v. The Mayor (4 E. D. Smith, 431), there had been a change in the manner of appointing clerks in the Police Courts, the appointments having been transferred to the Board of Police. The officer discharged all the duties ; the compensation was fixed by law, and it was held that a change in the manner of appointment did not affect the liability of the city to pay the salary. So in Lynch *v.* Mayor (25 Wend. 680), Judge Lynch had performed the duties of a Judge of the Court of Sessions, at a salary fixed by statute. The Defendants refused to pay, and upon an application for a mandamus, the Court denied it, holding that he had a perfect remedy by action. So in Baker *v.* City of Utica (19 N. Y. 326), the duties had all been performed, but compensation therefor was by law to be collected by assessment, and the Court held that the action could not be sustained until the assessment was collected.

If a corporation employ or appoint an officer to perform certain duties, at a compensation agreed upon, the services being performed, the corporation is liable to an action for the compensation. The action before us goes upon the ground of a contract to give the office to the Plaintiff, or to permit him to perform its duties, and that not having given it to him, or not having allowed him to perform its duties, and receive its fees, the Defendants are liable for this breach of contract.

There is no analogy or similarity in the cases.

It is suggested that an amendment of the complaint should be permitted at this time, by which the same may be converted into an action for money had and received by the Defendants to the use of Roof. I have never known the exercise of such a power by this Court, and am not aware of any authority for it. In no event could it be granted, except by a motion of which the Defendants had notice, and in which the necessary terms could be

enforced.    I have not discussed the rule of damages adopted by the referee, nor whether the Plaintiff is entitled to fees for services performed by Libby, nor what defence arises from the injunction, nor what remedy the Plaintiff had or might have had against the parties obtaining the same.

The discussion of these points is unnecessary, if I am correct in the position that the Plaintiff has no right of recovery in this action.

All concur.

Judgment affirmed.

JOEL TIFFANY,
State Reporter.