## McVeaney v. Mayor, etc., of New York.

*Evidence — judgment record — New York city — official salary — board of assistant aldermen — power to determine qualifications, etc., of members.*

In an action against the city of New York to recover the plaintiff's salary as an assistant alderman, the complaint alleged that the plaintiff was duly elected. The defendants denied the statement of the complaint and alleged that C. was elected; that the plaintiff, claiming to have been elected, submitted his claim to the board of assistant aldermen, who decided that C. was elected; that the salary was paid to C., who performed the duties of the office. The plaintiff proved a record in an action brought by the people, on the plaintiff's relation against C., in which plaintiff was adjudged to be entitled to the office. *Held,* that the record not being between the parties to this suit, nor followed by the admission of the plaintiff to the rights claimed under it, was not admissible in evidence.

*Held,* also, that the plaintiff never having filled the office, or performed any of its duties, could not recover the salary, even if the question of his right to the office was settled.

*Held,* further, that the board of assistant aldermen being, by the city charter, made the judge of the election returns and the qualifications of its own members, the right of a member to a seat could not be tested by a proceeding in court between two persons, one not a member of the board, and one a member to which the board was not a party.

EXCEPTIONS ordered to be heard in the first instance at general term. The plaintiff, James E. McVeaney, brought this action to recover from the defendants $4,000, as his salary, as an assistant alderman of New York city from January 1, 1869, to January 1, 1870. He claimed that at the charter election in 1868 he was duly elected to the office; that he took the oath of office and that he performed the duties of the office so far as the board would permit him. The answer alleged the election of one Culkin for the district and term claimed by the plaintiff; that the plaintiff presented his petition to the board of assistant aldermen, who awarded the seat to said Culkin, who discharged the duties and was paid the salary, and that plaintiff never performed any of the duties of the office. On the trial the plaintiff produced in evidence the judgment roll in an action of *quo warranto*, brought by the people, on the relation of the plaintiff, against Culkin, adjudging the office to plaintiff. The judgment in that action was taken on June 17, 1869, and on the 21st of June the application of the plaintiff to the board was heard and deter-

mined. The court below dismissed the complaint and ordered the exceptions to be first heard at general term.

*David McAdam,* for plaintiff.

*E. Delafield Smith* and *A. J. Vanderpoel,* for defendant.

DONOHUE, J. The plaintiff claims that he was duly elected an assistant alderman of the city of New York for the period of which he claims salary, and performed, as far as he was able to do so, the duties of his office.

Defendants deny the statements of plaintiff, and allege that one Peter Culkin was elected; that the plaintiff then claiming to be elected submitted his claim to the board of assistant aldermen elected for that term; that the board of assistant aldermen decided that Culkin was elected, and rejected plaintiff's claim. Defendants deny that they excluded plaintiff from office, and allege that the salary for the office and position claimed by plaintiff during the term was paid to Culkin, who performed all the duties.

An offer on the trial to prove that the plaintiff received the highest number of votes was properly rejected. The plaintiff was allowed, under the defendants' objection, to prove a record in the case of *People ex rel. McVeaney* v. *Culkin,* in which plaintiff was adjudged to be entitled to the office. This record was not between the parties to this suit, and was never followed by the admission of the plaintiff to the rights claimed under it. The plaintiff never occupied or performed any of the duties of the office claimed, during the term, and, within the principle of the case of *Smith* v. *Mayor of New York,* 37 N. Y. 518, cannot recover, even if the question of his right to the office was settled. To hold that a party never in the office or the exercise of its duties could recover the fees or salary thereof from one who was no party to keeping him out of the office would be impossible. The acts and doings of the person *de facto* holding the office must bind, as well in receiving the salary as in other acts. The plaintiff here has his remedy against those who received the salary or who wrongfully aided in keeping him out, if he has any remedy.

. But if this point is not conclusive, had the court in the record presented on the trial authority to hear and determine the right to the office? By § 7, chap. 446, Laws of 1857, the charter provides that each board shall be the judge of the election returns

and qualifications of its own members. Now it is sought.by the case put in evidence to test the right of a member of the board of assistant aldermen to such seat by a proceeding between two persons, one not a member of the board and one a member, without making the board a party in any way. In the case of Culkin, after the judgment, no steps were taken by the relator to enforce the judgment or make the board a party to it by compelling, or attempting to compel, the board to admit him to a seat. That the plaintiff himself felt his judgment of no avail is shown by the fact, that although he was declared by that judgment entitled to the office in June, 1869, he took no steps whatever to enforce his right.

He now asks that the defendants who have paid the salary to one who performed the duties should pay it over to one who has not. Neither of the cases cited go the length of showing that the board could have been compelled to admit him. Where the board did not do so and the charter under which they acted states that they shall be the judges of the election of their members, it would be contrary to all precedent to hold that the city must, at its peril, pay the plaintiff, when he neither performed the duties nor filled the office he asks now for.

The decision was correct and the judgment should be affirmed.

*Judgment affirmed.*