MICHAEL DOLAN, PLAINTIFF, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, DEFENDANTS.

*Salary — action for, by one unlawfully kept out of office — liability of city for payment.*

On the last of December, 1872, the plaintiff, assistant clerk of one of the District Courts of New York, was removed from that office by the justice of the court and one Keeting appointed thereto, who thereafter occupied the office and discharged the duties thereof until March, 1874, when the plaintiff was restored by virtue of a judgment of ouster obtained by him. The salary established by law was paid to Keeting from January, 1873, to December, 1873; that due for the months of December, 1873, and January and February, 1874, still remained in the hands of the defendant.

In an action by the plaintiff to recover the salary from January, 1873, to March, 1874, *held,* that he was only entitled to recover so much thereof as remained in the hands of the defendant; that his remedy for so much as had been paid to Keeting was against the party who committed the wrong by removing and excluding him from the office.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict directed in favor of the plaintiff.

*Nelson J. Waterbury,* for the plaintiff.

*William C. Whitney,* for the defendant.

DAVIS, P. J. :

The facts of this case are as follows : The plaintiff on the 24th day of May, 1872, was appointed to the office of assistant clerk of the Sixth Judicial District Court of the city, by THADDEUS H. LANE, justice of said court. He entered upon and performed the duties of that office, up to and including the last day of December 1872. On that day, Justice LANE, removed the plaintiff from said office and appointed one Francis T. Keeting thereto. On the 1st day of January, 1873, Keeting entered upon, and continued to occupy said office, and perform the duties thereof, until March 1st, 1874. On the 1st day of March, 1874, the plaintiff again came in possession of the office by virtue of a judgment of ouster obtained by him against said Keeting, in an action of *quo warranto.* The salary of the office was paid to Keeting, from the 1st day of January, 1873, to the first day of December, of that year. The salary for December, 1873, and January and February, 1874, has not been paid to any person. The plaintiff, while Keeting was in possession, and performing the duties of the office, proffered his services to the clerk of the court from time to time which were refused. The salary of the office was fixed at $4,000 per annum, payable in monthly installments. It was admitted that the salary for the months of December, 1873, and January and February, 1874, with interest, amounted to $804.40. Upon these facts the defendants' counsel requested the court to direct a verdict in favor of the defendants. The court refused and the defendants' counsel duly excepted. He also requested that judgment be directed for the plaintiff for $804.40, which was refused and an exception duly taken. The court then directed the jury to render a verdict in favor of the plaintiff for the whole amount of the salary from January, 1873, with interest, amounting to the sum of $3,664.40. Defendants' counsel excepted to such direction, and the court directed the exceptions to be heard at the General Term in the first instance, and in the mean time suspended the judgment.

The question whether the plaintiff can recover for the period during which Keeting was in possession of the office, under the appointment made by Justice LANE, and performed its duties and received the salary, seems to be disposed of by the cases of *McVeary* v. *The Mayor* (1 Hun [8 S. C. N. Y.], 35), and *Smith* v.

*The Mayor* (37 N. Y., 518). In the case of *The People ex rel. Dolan* v. *Lane* (55 N. Y., 217), which was a proceeding by mandamus instituted by the present plaintiff, to compel Justice LANE to make certificate for payment of his salary as assistant clerk, the court (RAPALLO, J.), said : " The relator has been actually excluded from the office which he claimed, and another person installed therein, who has ever since discharged its duties. This has been done under color of law, and the legality of the removal of the relator, and of the appointment of the present incumbent, depends upon the construction of a statute, framed in such ambiguous language, as to render its interpretation difficult. The Special and General Terms of the court below, have differed upon the question." This remark of the learned judge quite justifies us in holding that Keeting was in possession of the office under color of law, and must be regarded as an officer *de facto*. The exclusion of the plaintiff in this case, from the office, was not an act of the defendants nor of persons under their control, and it was not the duty of the defendants before paying the salary to Keeting, to test by legal proceedings the validity of his appointment. They found him in possession of the office and performing its duties by an appointment made under color of law ; and under the principles laid down in the cases above cited, they were justified in paying to him the salary pertaining to the office. The remedy of the plaintiff, so far as respects the salary thus paid, must be against the party who committed the wrong by his removal and exclusion.

In respect to the three months for which no payment has been made by the city, a different rule may properly be applied. The title to the office has now been adjudicated by a direct proceeding for that purpose to which the defendants were parties. The payment to Keeting now made, would be with notice that he was an usurper without legal title to the office, and it is clear that Keeting can maintain no proceeding against the city to enforce such payment. We are of opinion, therefore, that the plaintiff is legally entitled to the salary remaining unpaid. The verdict should have been for the sum admitted on the trial to be due and unpaid for the months of December, January and February, amounting, with interest as admitted, to $804.40.

The motion for new trial must therefore be granted, with costs

to abide event, unless plaintiff stipulate to reduce the verdict to $804.40, with costs; in which case the motion will be denied without costs to either party.

Daniels, J., concurred.

Motion for new trial granted with costs to abide event, unless plaintiff stipulate to reduce verdict to $804.40, with costs, in which case motion denied without costs to either party.