By the Court.—Freedman, J.
The board of fire commissioners, as organized by law at the time of the action complained of by plaintiff,- was not constituted as the present board is. The present board has no power to make removals except in the manner prescribed by the charter of 1873 ; but the former board, it is conceded, had power to appoint and- remove firemen at pleasure (Laws 1870, ch. 137, § 85).
In 1872 the plaintiff was a foreman of a fire engine company in the fire department of the city of Mew York, at a salary of $1,500 per annum. As such he was, during said year, tried upon a certain charge, found guilty, and sentenced by the board of commissioners to be retired from active service in the department on an annuity of $15P.
The board may have had no power to grant the annuity, but from the fact that one was granted, it does not follow that the whole of the sentence was illegal. The unobjectionable part of it operated as a discharge and relieved the plaintiff from the control and discipline of the board. He could no longer exercise authority in .the department, and he could no longer be commanded or assigned to duty as a fireman. He was at liberty to engage in other employment, and completely released from any claim of the fire department to his time or services. And as matter of fact he subsequently never was called upon to perform any duty, or recognized as a fireman.
This being so, and the plaintiff not having performed the duties of the office since that time, it is difficult to perceive how he can recover the compensation which would have attached if he had performed the duties. The corporation of the city of Mew York is only liable to pay such compensation when the officer, hav *327 ing possession of the office, has performed the necessary services. No contract exists between the plaintiff and the corporation, by which the latter is bound to pay the salary irrespective of the question whether the plaintiff exercises the duties of the office or not. In a case like the present, the right to the salary arises out of the rendition of services, and not out of any contract between the government and the officer that the services shall be rendered by him (Conner v. Mayor, &c., 1 Seld. 285; Smith v. Mayor, &c., 37 N. Y. 518 ;* McVeany v. Mayor, &c., 1 Hun, 35).
The order setting aside the verdict and ordering a new trial must be affirmed with costs.
Speer, J., concurred.

 Note. Compare Dolan v. Mayor, &c., of New York, 68 N. Y. 274.