THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN RYAN, Appellants, v. STEPHEN B. FRENCH and others, Commissioners of Police of the City of New York, Respondents.

*Board of police commissioners of the city of New York — may regulate the salaries of disabled policemen — Remedy.*

The board of police commissioners of the city of New York has power to determine and regulate the compensation which shall be allowed to sick or disabled policemen, who are unable to perform their duties by reason of such disability, and the court will not interfere by *mandamus* to compel the board to pay a full salary to a policeman, to whom a smaller amount has been allowed, in pursuance of its rules, on the ground that he is unable to discharge the duties of his office.

*Semble.* That if the police commissioners had not such power the remedy would be by action and not by *mandamus.*

Appeal from an order made at Special Term, denying a motion for a *mandamus* to compel the payment to the relator of his full salary as a policeman, he having received but one-quarter of such salary in pursuance of a resolution of the board of police commissioners allowing one-quarter of his pay to a policeman for time lost by sickness arising from or during the ordinary discharge of his duty.

*Townsend & Weed,* for the relator.

*David J. Dean,* for the respondents.

Davis, P. J.:

The relator asserts an absolute title to be paid the salary attached to the office of policeman because of his appointment to that office, without regard to services rendered. This position cannot be maintained. It was settled in *Smith* v. *The Mayor* (37 N. Y., 518) that an office in this country is not property, nor are the prospective fees or salary of an office the property of the incumbent. The right to compensation does not grow out of any contract between the officer and the government, but arises from the rendition of services. (*Conner* v. *The Mayor,* 1 Seld., 285 ; *People* v. *Warner,* 7 Hill, 81 ; S. C., 2 Denio, 272.) If, however, the position of the appellant's counsel were sound, that fact would be an abundant

answer to the application for a *mandamus*, because the relator would then have a clear and plain right which could be enforced by action, and it is settled that a writ of *mandamus* will not be granted in any case where the relator has an adequate remedy by action. (*People* v. *Thompson*, 25 Barb., 73; *Matter of Shipley* v. *Mechanics' Bank*, 10 Johns., 484; *Swift* v. *The Mayor*, 17 Hun, 518; *New York Balance Dock Co.* v. *Mayor*, 8 Hun, 247; *Maximilian* v. *The Mayor*, 2 id., 263.)

We think there can be no doubt that the board of police commissioners is clothed with power to determine and regulate the compensation which shall be allowed to sick or disabled policemen who are unable to perform their duties by reason of such disability; and the rules adopted by the board, as set forth in the appeal papers in this case, seem to us to be a proper and reasonable exercise of their powers in that behalf. The relator in this case claims that on the 21st of July, 1876, while engaged in making an arrest, he was injured by some person throwing a stone which inflicted a severe blow upon his back. He continued, however, to perform his duties until the 17th of May, 1877. He then became unable to perform any duty until the 1st of September, 1877, when he resumed his duties, but was again compelled to give them up on the sixteenth of October following; and since that time his inability has increased and he has become, to a great extent paralyzed as he alleges, in consequence of the injury received in July, 1876. Several physicians make affidavit that in their opinion the relator's present paralysis is the result of the injury received at that time.

On the other hand it appears, from the records of the department, that no complaint or report of the alleged injury was made by the appellant at the station-house, and that no entry thereof was made according to the requirements of the department; and that his sickness between May and September, 1877, was pronounced and reported by the attending surgeon of the police as a chronic catarrh, and that it was not until January, 1878, that the relator claimed that his disease, which had then become incipient paralysis, was the result of the injury in July, 1876.

The case was brought before the board of police surgeons on June 17, 1878, who pronounced the opinion that the relator was suffering from chronic catarrh and paralysis of the lower extremi-

ties, but that there was no evidence whatever to show that his paralysis was caused by any direct injury to the spine; and their opinion was decidedly adverse to any such theory. These conflicting facts and opinions show that the case was one calling for a determination by the board of police commissioners upon the question, whether or not the total disability of the relator was of a kind that required, or would justify, them in paying to him full pay as a member of the police. We are unable to see that their determination adversely to the appellant's claim was not fully justified by the facts before them; and as their determination as to the extent of the compensation that should be allowed under the circumstances was one that pertained, as already suggested, to the duties and powers with which they are clothed by statute, we think for the court below to have interfered with it would have been an improper exercise of its discretion.

We are, therefore, of opinion that the case was properly disposed of by the court below and that the order must be affirmed.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Order affirmed.