PEOPLE ex rel. NUGENT v. POLICE COMRS. 261

First Department, May Term, 1882.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN NUGENT, Appellant, v. THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF NEW YORK, Respondent.

*Public officer — right of, to recover his salary for time during which, by reason of his being imprisoned, he has been prevented from discharging the duties of his office.*

On June 13, 1879, the relator, who was then a member of the police force of the city of New York, was placed under arrest by order of his superior officer, and committed to the city prison, on a charge of burglary. He remained in prison until January 17, 1880, when he was tried and acquitted in the Court of General Sessions. On the day of his acquittal he reported for duty, and on the twenty-fourth of January, he was tried before the board of police commissioners and dismissed from the force.

*Held,* that he was entitled to recover his salary for the time during which he was confined in the prison. (Davis P. J., dissenting.)

*People ex rel. Ryan v. The Board of Police* (MS. Ct. of App.) followed.

Appeal from a judgment in favor of the defendant, entered upon a verdict directed by the court.

*Howe & Hummel,* for the appellant.

*William C. Whitney,* for the respondent.

Brady, J.:

This action was instituted for the recovery of salary alleged to be due the plaintiff as a police officer. It appeared in evidence that the relator was a member of the police force until the 13th of June, 1879, upon which day he was placed under arrest by order of his superior officer, Inspector Byrnes, and further that he was committed to the city prison on that day charged with the commission of a burglary, and remained confined until the 17th of January, 1880, when he was acquitted, after a trial in the Court of General Sessions. It also appears that on the day last named, after his acquittal, he reported for duty at the eighteenth precinct, from which he was detailed, and, on the twenty-fourth of the same month, he was tried before the board of police commissioners and dismissed from

262     PEOPLE ex rel. NUGENT v. POLICE COMRS.

First Department, May Term, 1882.

the police department. It further appears that on the 10th of December, 1879, the relator applied at the Special Term for a *mandamus* to compel the board of police and its treasurer to place his name upon the pay rolls of the police department, and to pay his salary as a member of the police force, which application was denied, with leave, however, to renew the same after his trial should have taken place.

The counsel for the respondent, these facts having been established, requested the court to direct a verdict for his clients, on the ground that it appeared that from the 13th of June, 1879, or certainly within eight days therefrom, the relator was absent five days consecutively, without leave, which, under the provisions of the law of 1873, terminated absolutely the connection of the officer with the police force; and upon the ground also that the relator was an officer seeking to recover salary for a period during which he rendered no service whatever. The counsel for the relator then requested the court to direct a verdict for his client for the amount claimed, upon the ground that the police authorities by their own action made it impossible for the relator to perform any service during that period; whereupon the court directed a verdict for the respondent and the counsel for the relator duly excepted.

There is no doubt of the general rule that an officer is not entitled to compensation unless he has rendered the service incidental to his office. (*Smith* v. *The Mayor*, 37 N. Y., 518; *Dolan* v. *The Mayor*, 68 id., 274; *McVeany* v. *The Mayor*, 80 id., 185; *Wood* v. *The Mayor*, 12 J. & S., 325; *People ex rel. Ryan* v. *French*, 24 Hun, 263.) But this rule can have no application to a case where the officer is prevented by the exercise of a superior power, residing within the sovereignty of the State, which unjustly deprives him of his liberty. The relator was arrested by a superior officer on behalf of the people, on a charge of which he was declared to be innocent, and held in durance vile for a long time, and thus precluded from discharging his duty. He was not voluntarily absent from his post from the time of his arrest until the day of his acquittal, and on that day, as soon as the opportunity occurred, he presented himself for duty. It cannot be said with any propriety, therefore, that he was absent without leave, which implies and necessarily involves an omission to appear or present himself for

duty voluntarily when he had the opportunity to do otherwise. His position could not be considered vacant, and it would seem, from his trial by the police commissioners subsequent to his acquittal, that his office was not regarded as having been vacated up to the time of his acquittal. Not having lost his office and having been restrained of his liberty unjustly by the people of the State, in the exercise of their power, initiated through a member of the police department, it would seem to be unjust that he should be deprived of his salary during the period of his confinement. It may be said that this is one of the unfortunate incidents attending an arrest upon a charge of which the accused may be innocent; but that phase does not furnish any answer to the proposition that the appellant having been prevented by a superior power and unjustly, from discharging the duties of his office, his case is not one within the general rule already expressed in kindred cases, and which declares that no compensation can be recovered unless the contemplated service has been rendered. This case is not distinguishable in principle from that of *The People ex rel. Ryan* v. *The Board of Police* (MSS. opinion of the Court of Appeals, *per* Danforth, J., April 11, 1882), decided since the foregoing was written. In that case it appeared that the relator was absent on sick leave, and it was contended that he could not recover his salary because he had not rendered the services contemplated by law. The court held that so long as he possessed the office the salary could not be withheld from him by reason of his involuntary disability to render the service.

This case seems to be within the principle of the case recently decided by the Court of Appeals referred to in the within opinion.

The judgment should be reversed and a new trial ordered.

Ingalls, J., concurred.

Davis, P. J.:

I think this case was properly disposed of by the court below, and that the judgment should be affirmed.

Judgment reversed and new trial ordered.