FRANCIS C. MEEHAN v. BOARD OF CHOSEN FREEHOLDERS OF HUDSON COUNTY.

1. An unauthorized person gaining possession of a public office by force or fraud has no right of action against the public for the prescribed fees or salary for services rendered during such usurpation.

2. Compensation attached to the office is not promised to him by expression or legal implication, and the services are voluntarily rendered.

---

In case. On motion to confirm report of referee. The facts appear fully in the opinion of the court.

Argued at February Term, 1884, before Justices KNAPP, DIXON and MAGIE.

For the rule, *Job H. Lippincott.*

*Contra, Gilbert Collins.*

The opinion of the court was delivered by

KNAPP, J. The action was brought to recover salary payable to the warden of the penitentiary of Hudson county for services alleged to have been performed by plaintiff in that capacity from September 5th, 1882, to June 12th, 1883. The cause went down to the Hudson Circuit for trial, and it was there, by agreement of counsel, referred. The referee to whose decision the case was submitted found in favor of the defendant, reporting the facts specially found by him upon which his conclusion was rested. His report now being before us for confirmation is opposed by plaintiff, who asks that judgment be entered for him upon the facts found, or that a new trial be ordered, he alleging that such finding of facts entitle him to a judgment against the defendant. The plain-tiff also insists that the facts found are too favorable for the defendant upon the evidence, and that, at least, a new trial for that cause should be granted.

From the statement made to us of the evidence, without referring to it in detail, we conclude that the findings of fact by the referee are supported by the evidence. The only question which we think necessary to consider is whether upon those facts the report of the referee should have been the other way. The argument of this cause places the plaintiff's right of recovery solely upon assumed legal results of the judgment of the Court of Errors in *Stuhr* v. *Curran,* (15 *Vroom* 181,) and it is conceded that the plaintiff, who was not legally in office, although rendering services belonging to it, has no claim against the freeholders for the salary demanded unless such claim can be rested upon the adjudication just mentioned. In that case it was held that where one of two opposing candidates for an office had received the certificate of election from the proper canvassing board, and had performed the duties incident to the office, in obedience to apparent requirement of the law, honestly believing in and having no reason to doubt the legality of his title to such office, although subsequently ousted on *quo warranto,* he was entitled to retain for services performed the salary paid to him, and was not liable to pay it

over to him who, by subsequent adjudication, was found to be legally elected. It is unnecessary to go through the exhaustive discussion which that case elicited, or to examine in any detail the views expressed or authorities referred to in the prevailing opinion of that court. It is sufficient to say that the case in hand has features essentially different from those characterizing the case of *Stuhr* v. *Curran*, and such as, under views there clearly recognized, would, as we think, if present in that case, have met with the application of a different rule. No case was cited in either of the able opinions there delivered, nor any view hinted at which countenanced the right of a fraudulent intruder upon or ouster of another from office which rightfully was in the possession and enjoyment of such other, to demand or retain the pay of the office. It was forcibly urged in the minority opinion read in that case, that the regularity of the certificate of election, the honest belief of the defendant in that case, that he was only in the discharge of legal duty in entering upon and performing the work appertaining to the office to which he apparently was elected, and his possible liability to penalties for a refusal to discharge those duties, were not circumstances that should prevail against the right of the *de jure* officer to recover from the other the compensation which he had received for his services, but no one suggested even that, as against one entering knowingly into the place of another by force or fraud, any consideration of justice or good policy could stand in aid of such wrongdoer, either to recover compensation belonging to the office from the public disbursing officer, or in withholding that which he had received against the legal demands of him who had been so defrauded. On the contrary, it is said in the opinion read by Mr. Justice Van Syckel that "if fraud were imputable to the defendant the case would present a different aspect," and we are clearly of opinion that giving to that case the full force which it was designed to have, it is not in conflict with the right of the *de jure* officer to demand, and have from one in the position this plaintiff is found to be, fees and emoluments received by him *from the public disbursing officer* be—

longing to said office. In this case the referee finds that the plaintiff, with full knowledge that the office to which he was nominally elected was already filled, and that no vacancy existed at the time of his appointment, and that the incumbent held the office by a term which ran beyond the time when the board of chosen freeholders, as then constituted, had power to choose a successor, that with this knowledge he solicited and procured a resolution for his own appointment to the office already filled, and then gained its possession by forcibly ejecting the lawful incumbent and putting himself in it by a trespass. Under such a state of facts we have no hesitation in declaring that if the official fees, during the time the plaintiff was so in occupancy, are due to anyone, the plaintiff is not that person. It was not the design of the judgment in the Court of Errors, nor is it its legitimate effect, to give countenance or encouragement to those who are willing by force or fraud to obtrude in places lawfully assigned to others nor to permit such person to profit by the emoluments belonging thereto. The reasons which protect one who has performed the services belonging to a public office, under an appointment apparently regular and legal, in ignorance of, and without the means of ascertaining defects in his title, and where his refusal to serve would leave a vacancy in office, whether such reasons be weak or strong, have no application to a case like this. In such a case we cannot doubt that in some form the officer *de jure* would be entitled in law to demand and have compensation for the injury done him by such an intruder. If payment be made to the officer *de facto* the public will be protected from further claim, as the disbursing officer is not bound to know the title by which an actual incumbent holds, and the rival claims to the fund must be litigated between the individual claimants ; but upon suit brought by the incumbent against the public for pay, his title will be inquired into. *Dolan* v. *Mayor, &c., of New York*, 68 *N. Y.* 274. And he must establish his right to be paid as between the plaintiff and the public represented by the defendant. The plaintiff should not recover in this action on the ground

that the services performed by him, under the circumstances here presented, were purely voluntary. The board of chosen freeholders that went through the form of appointing the plaintiff had power and it was their duty to fill the office of warden of the penitentiary whenever it should fall vacant, but the act of that body in the attempt to put the plaintiff in that position when it was already filled was a mere nullity, which, as the referee finds, he and they well knew, or were chargeable with that knowledge. He solicited their action and knew that it was illegal; he was not invited or permitted to assume the duties of that office, but by a trespass gained admission to the place which he knew was lawfully filled by another, turned that other out and kept him out until, by legal judgment, he was himself removed. He was there without legal pretext. We are at a loss to see how this can be regarded as an employment, or he considered other than the veriest volunteer in rendering services in the position. For services thus performed there is no legal promise or obligation to pay, either express or implied. The salary attached to the office was not promised to him nor was it his due. He bargained for the chances of being voluntarily paid by defendant. *Dill. Mun. Corp.*, §§ 168, 169, and cases cited; *City of Hoboken* v. *Gear*, 3 *Dutcher* 265; *Smith* v. *Mayor*, 37 *N. Y.* 518.

The report of the referee should be confirmed and judgment entered for the defendant.