### WALKER v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. May, 1911.)

1. ACTION (§ 27*)—INTERPLEADER (§ 4*)—NATURE OF ACTION—QUASI CONTRACT.

Since a public office is a public trust, in which neither the right to the office nor to its prospective emoluments is a matter of contract, an action to recover salary is not an action on contract, but at most quasi ex contractu in nature, in which an order of interpleader cannot be granted, under Code Civ. Proc. § 820, authorizing such an order, with certain inapplicable exceptions, only in an action on contract.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 160–195; Dec. Dig. § 27;* Interpleader, Cent. Dig. § 5; Dec. Dig. § 4.*]

2. ASSIGNMENTS (§ 15*) — OFFICERS — FUTURE SALARY — EQUITABLE ASSIGNMENTS.

An assignment of the future unearned salary of a public officer is void.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 23; Dec. Dig. § 15.*]

3. ASSIGNMENTS (§ 129*)—SALARY—EQUITABLE ASSIGNMENTS.

Where a city officer agreed to withdraw his intervention in proceedings by his predecessor, who had been removed, for reinstatement, in case the claimant would not object to his drawing salary unpaid for six months, amounting to $2,500, and this having been agreed to, claimant in addition advanced to him the amount of such salary, on his agreement to repay the same as soon as collected from the city, it was not essential that such officer should be made a party to an action by the claimant, after his title to the office had been sustained, to recover the salary unpaid for the time claimant had been deprived of the office; the equitable assignment of the six months' salary being a complete defense to any right of the assignor to recover such amount from the city, in case the claimant was permitted to recover the same to avoid circuity of actions.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 213–219; Dec. Dig. § 129.*]

Action by William H. Walker against the City of New York. On motions by defendant to make John R. Voorhis a party defendant and to open defendant's default in failing to answer. Denied.

William H. Walker brought mandamus to compel his reinstatement to the position of superintendent of public buildings and offices in the office of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

president of the borough of Manhattan, from which he claimed to have been unlawfully removed on May 16, 1907. An alternative writ was granted to relator, and issue was joined by filing a return on behalf of John F. Ahearn, as borough president. In the meantime, on March 3, 1908, John R. Voorhis, who had been appointed to succeed relator, and who had been paid the salary of the position until November 1, 1908, obtained an order before trial allow-ing him to intervene as a party defendant, and filed a return to the alterna-tive writ. Voorhis thereafter withdrew from the proceedings, under an agreement between him and relator that, in consideration of such withdrawal, relator would not bring any action against him to recover salary between the date of Voorhis' appointment and the date of relator's reinstatement, and that Voorhis might also receive $2,500 for six months' back salary unpaid. Relator, however, advanced to Voorhis such $2,500; Voorhis agreeing to pay relator that sum as soon as the same should be received by him from the city paymaster. Voorhis having withdrawn his return to the alternative writ, an order commanding relator's reinstatement was entered July 26, 1909, which was affirmed by the Appellate Division and by the Court of Appeals. In 1910 plaintiff commenced an action against the city for salary of the posi-tion from May 16, 1907, when he was removed, until July 31, 1910; and Voor-his also commenced an action against the city for salary from November 1, 1908, to June 4, 1910. Both of these actions were begun before the Court of Appeals had affirmed the order of the lower courts in the mandamus pro-ceeding. The city did not answer the complaint of Walker; but, after the decision of the Court of Appeals, the city moved to open its default, and to have Voorhis made a party defendant, under Code Civ. Proc. § 820. The eq-uitable assignment referred to in the opinion was the agreement between Walker and Voorhis, under which Voorhis withdrew from the mandamus pro-ceeding.

Archibald R. Watson, Corp. Counsel (Elliott S. Benedict, of coun-sel), for the motion.

Luce & Davis (Robert L. Luce, of counsel), for Voorhis.

John W. Browne (John W. Browne, Herbert C. Smyth, and Fred-eric C. Scofield, of counsel), opposed.

GIEGERICH, J. If the two motions heretofore made were cor-rectly decided, this motion, in so far as it seeks to bring in Mr. Voor-his as a party defendant, ought to be denied, for the same reasons which led to the denial of the earlier motions, and which were clearly expressed in the opinion of Mr. Justice Page on the first motion. The city now insists, however, that the stipulation entered into between the plaintiff and Voorhis amounted to an equitable assignment by the former of the salary of the office for a certain period, and that the plaintiff seeks to recover the salary of that office for the period cov-ered by that assignment. As this point was not expressly adverted to in the former opinions, and as counsel for the city seems unduly alarmed at the possibilities of this construction of the stipulation, it seems proper to discuss the question briefly, although it is to be noted that no suggestion of any such claim is to be found in Mr. Voorhis' complaint, and the possibility of such a construction of the stipulation seems to have originated in the minds of counsel for the city. [1] Before taking up that point, however, I may say that there appears to be a conclusive objection to the granting of this branch of the ap-plication, for the reason that the only authority for making an order of this character is to be found in the statutory provisions contained in section 820 of the Code of Civil Procedure, which authorize an or-der of interpleader only in an action upon a contract, or in certain

other actions not now in point. As a public office is a public trust, in which neither the right to the office nor to its prospective emoluments is at all a matter of contract (Smith v. Mayor, etc., 37 N. Y. 518; Long v. Mayor, etc., 81 N. Y. 425), it seems clear that the right of the plaintiff to recover in the present case cannot properly be described as an action to recover upon a contract, even though the period for which a recovery is sought has passed. It is an action in its nature quasi ex contractu, but not an action "upon a contract," since there was never any contract between the parties, nor were any services actually rendered by the plaintiff during the period covered by the action.

[2] In regard to the so-called assignment (assuming that the stipulation can be properly construed as an equitable assignment) it may be said at the outset that it is quite improbable that an assignment of the salary of a public office by one who had been ousted therefrom, and made while the office was in the adverse possession of a rival claimant thereto, could be regarded otherwise than as against public policy, and therefore void. Passing that point, however, it is to be noted that the so-called assignment was made on May 4, 1909, and purported to relate both to the unpaid salary of the office for the six months previous and to the salary to accrue thereafter and pending the plaintiff's reinstatement. So far as it related to such future salary it was unquestionably void. Bliss v. Lawrence, 58 N. Y. 442, 17 Am. Rep. 273; B. N. Bank v. Wilson, 122 N. Y. 478, 25 N. E. 855, 9 L. R. A. 706, 19 Am. St. Rep. 507.

[3] As to the salary for the six months preceding the date of the assignment, while it was agreed that the plaintiff would make no objection to its payment by the city to Voorhis, the plaintiff nevertheless advanced to Voorhis the sum of $2,500, the amount of the salary for those six months, and Voorhis expressly agreed to repay the $2,500 so advanced as soon as he should collect it from the city. If, therefore, Voorhis were to be permitted to recover this six months' salary upon the theory of an equitable assignment, he would be bound by the terms of the same instrument immediately to pay it over to the plaintiff. It would therefore avoid a circuity of actions to allow the plaintiff to recover this money in this action, and if Voorhis shall urge the instrument in his action as an equitable assignment in his favor it will be a sufficient defense to show that the money has been paid to this plaintiff, to whom Voorhis was himself bound to pay it in case he should recover it.

The motion, in so far as it seeks to join Voorhis as a party defendant, is therefore denied.

As to the application to open the city's default, it appears from the plaintiff's affidavit that he waives all the claims set up in the other partial defenses, except that set up in the fifth partial defense. No new matter, however, is alleged in the last-named defense, as it appears on the face of the complaint that the plaintiff's claim was only presented to the comptroller on September 14, 1910. There is, therefore, no sufficient reason shown for opening the default, and the motion for that relief will also be denied, upon condition that in the judg-

ment to be entered the plaintiff will make the various deductions specified in his affidavit. If he takes a greater judgment than his complaint on its face entitles him to in respect of interest,,the matter can be corrected upon a subsequent application to the court. I express no opinion as to what he is entitled to by way of interest.

Motion denied, with $10 costs, upon the conditions stated. Settle order on notice.