IN ·

# THE SUPREME COURT

OF

# THE STATE OF MISSOURI,

### OCTOBER TERM, 1866, AT ST. LOUIS.*

---

### ADVISORY OPINION UPON THE ELECTION OF ·CIRCUIT ATTORNEYS.

*Constitution — Vacating Ordinance — Circuit Attorneys.* — The offices of Circuit Attorneys having been vacated by the ordinance of March 17, 1865, and having been filled in the manner therein provided, their term will not be required to be legally filled at the election in November, 1866. Holmes, J., dissenting.

#### GOV. FLETCHER'S LETTER OF INQUIRY.

JEFFERSON CITY, Mo., Oct. 10, 1866.

Hon. David Wagner, Nathaniel Holmes,

T. J. C. Fagg, Judges Supreme Court, Mo.

Gentlemen : — I deem the question as to whether the offices of Circuit Attorney in the several Circuits of the State are legally required to be filled by election in November next of sufficient importance to warrant me in asking your opinion upon it, in pursuance of the 11th section of the 6th article of the Constitution. If you concur in my view of the

---

* Judge LOVELACE having died during the vacation, Judge THOS. J. C. FAGG was appointed to fill the vacancy.

importance of the subject, I desire that you will give me your opinion as early as practicable.

Very respectfully, your obedient servant,

THOMAS FLETCHER.

OPINION OF THE SUPREME COURT.

*In the matter of the Question propounded by the Governor concerning the Election of Circuit Attorneys.*

To his excellency Thomas C. Fletcher,

Governor of Missouri.

Sir:—In response to the question as to whether the offices of Circuit Attorneys in the several Circuits of the State are legally required to be filled by election in November next, we will say that we have examined the matter and have come to the conclusion that they are not to be so filled by election.

In 1864, at the general election the Circuit Attorneys were elected for the period of four years. In accordance with the provisions of an ordinance passed in Convention, March 17, 1865, commonly known as the Vacating Ordinance, the offices of the Circuit Attorneys were declared vacant on the first day of May thereafter, and the Governor was authorized to fill the said offices for the remainder of the term by appointment.

This ordinance is organic in its nature, and cannot be repealed, altered or impaired by mere legislative enactment, without such power was given to the Legislature by the ordinance or by some constitutional provision. We have not been able to find any clause in the Constitution conferring such power.

The office of Circuit Attorney is not a constitutional office, and is ordinarily subject to be controlled and regulated by the Legislature; but here the title to the office is vested in the appointees for a certain prescribed time by an act having the effect of constitutional law. That title can only be divested or impaired by an ordinance of a Convention or some provision embodied in the Constitution.

In article V. of the Constitution specific direction is made in regard to the election of certain officers, and for their appointment in certain contingencies; and by the 26th section of the same article it is declared that the appointment of all officers, not otherwise directed by the Constitution, shall be made in such manner as may be prescribed by law. The office of Circuit Attorney is not one of the offices mentioned in the fifth article of the Constitution, but we are of the opinion that the power given by the 26th section prescribed by law for the appointment of officers not otherwise provided for cannot be extended by implication to the present case. We have therefore arrived at the conclusion that wherever Circuit Attorneys are holding their offices by virtue of an appointment duly made in pursuance of this ordinance, their terms will not be required to be legally filled till the election in November, 1868. DAVID WAGNER,

St. Louis, October 16, 1866. THOS. J. C. FAGG.

JUDGE HOLMES DISSENTS.

I do not concur in the conclusion arrived at by the majority of the Judges. In my opinion, the 26th section of article V. of the Constitution so far abrogates the vacating ordinance as to give power to the General Assembly to prescribe by law in what manner all offices, not otherwise provided for by the Constitution, shall be filled, whatever mode or appointment or selection of the officers may be adopted and so prescribed.

N. HOLMES.