STATE OF MISSOURI *ex rel.* WILLIAM KREITER, Respondent, *v.* JOHN N. STRAAT, Appellant.

*Constitution — Ordinance — Officer — Circuit Attorneys.* — The Constitution when it went into effect, repealed all ordinances and laws inconsistent therewith. Vacancies in office occurring after the present Constitution went into effect must be filled in the manner pointed out by that instrument; and a vacancy occurring in the office of assistant circuit attorney for the Eighth Judicial Circuit, could not be filled by the appointment of the Governor after a successor was duly elected, commissioned and qualified—State ex rel. Att'y Gen'l v. McAdoo, 36 Mo., 453.

*Appeal from St. Louis Circuit Court.*

Appellant, *pro se.*

I. The vacating ordinance fixes the term of office of the officers mentioned therein.

II. That sec. 6, ch. 18, p. 141, G. S. 1865, is not a law having any force, power or validity whatever so far as this case is concerned.

*Harding & Crane,* for respondent.

First the relator (respondent) admits that, under the opinion of the Judges of the Supreme Court given in response to questions propounded by the Governor, Gantt would have held the office by virtue of his appointment for the remainder of the original term, had he lived; and that if the Governor had filled the vacancy existing on May 1, 1865, by the appointment of any other person, such appointee would have held in like manner. But the relator contends that Mr. Straat was not appointed under the vacating ordinance, and that he was appointed under the provisions of the Constitution, secs. 8 and 26, art. 5, then in force, and under secs. 5, 6, 20 and 21, ch. 18, G. S. pp. 141–2, in effect, at the time of his appointment.

I. The ordinance was confined and applicable to those vacancies only which already existed or were by it created on the 1st day of May, 1865, and that one exercise of the appointing power conferred by it upon the Governor exhausted said power.

II. The Constitution, when it went into effect, superseded the ordinance, and vacancies occurring thereafter must be filled in accordance with the provisions of the former.

The constitutional provisions above referred to contemplated and authorized the action of the Legislature upon the subject, and such action was taken G. S. ch. 18, p. 141.

WAGNER, Judge, delivered the opinion of the court.

The only question in this case is whether the relator or the appellant is entitled to the office of assistant circuit attorney for the Eighth Judicial Circuit, composed of the county of St. Louis. The facts in the case are that in November, 1864, at a regular election held in pursuance of the laws of this State, Walter C. Gantt was elected and commissioned assistant circuit attorney for four years, and being removed from office May 1, 1865, by the vacating ordinance, was re-appointed by the Governor for the residue of the term. Gantt held the office until his death on the 17th of August, 1866, and the appellant was on the 20th of that month appointed and commissioned by the Governor to fill the vacancy. The relator was elected assistant circuit attorney at the general election in November last, and commissioned by the Governor on the 27th of December. The Circuit Court found that the relator was entitled to the office, and gave judgment accordingly.

The contest here seems to grow out of the different views taken of the vacating ordinance. In the opinion given by a majority of this court to the Governor, it was held that the ordinance was so far organic in its character that it could not be repealed, altered or impaired by mere legislative enactment, unless such power was given to the Legislature by some ordinance of the Convention or some constitutional provision; and, as the ordinance authorized and empowered the Governor to fill the vacancies for the residue of the term, we did not conceive there was any clause in the Constitution, so far as circuit attorneys were concerned, permitting the Legislature to disturb the tenure of those incum-

.bents who held under the original apponitment of the Governor.

In the case of the State v. McAdoo we decided that under the Constitution the Governor had not the power to fill by appointment a vacancy in the office of sheriff occurring after the Constitution went into effect, but that such vacancy must be filled in the manner provided by the Constitution. In that case the appointee of the Governor under the ordinance had died, and the vacancy existed after the present Constitution had become the law of the land. The Constitution pointed out the manner in which vacancies in the office of sheriff should be filled, and this, we held, superseded the ordinance. The Legislature has the unquestionable right to regulate the tenure by which the office of circuit attorney shall be held, prescribe its duration, or abolish it entirely ; and no person can interpose a valid objection unless he holds by virtue of an appointment under the ordinance. Vacancies occurring subsequent to the taking effect of the existing Constitution must be filled in accordance with the manner prescribed and pointed out in that instrument. It is the paramount law of the land, and supersedes and annuls all ordinances and enactments which are inconsistent with it.

By section 8, article 5, of the Constitution it is provided that when any office shall become vacant, the Governor, unless otherwise provided by law, shall appoint a person to fill such vacancy, who shall continue in office until a successor shall be duly elected or appointed and qualified according to law. When Gantt died, a vacancy existed in the office of assistant circuit attorney, which was to be filled according to the Constitution and the laws made in pursuance of it. The appellant never held his office by appointment under the vacating ordinance, but by appointment made by the Governor under the Constitution and laws of this State.

We are of the opinion, therefore, that the decision of the Circuit Court is correct, and its judgment is affirmed. The other judges concur.