State ex rel. Attorney-General et al. v. Davis.

STATE *ex rel.* ATTORNEY-GENERAL and L. BROWN, Petitioners, *v.* L. H. DAVIS, Respondent.

| 44 | 129 |
| 37a | 98 |
| 44 | 129 |
| 41a | 129 |
| 44 | 129 |
| 166 | 856 |

| 44 | 129 |
| 101a | ²125 |

1. *Office—Acts of 1865 and 1868, validity of — Circuit Attorney — Vacating ordinance, tenure of.*—The law providing for the election of circuit attorneys in 1866, and every four years thereafter (Gen. Stat. 1865, ch. 18, § 6), was void only so far as concerned officers holding under the vacating ordinance. (Gen. Stat. 1865, p. 47; *vide* 38 Mo. 419; 41 Mo. 58.) And where a circuit attorney was appointed and claimed his tenure of office, not under the vacating ordinance, but under the act of 1866, he could not hold as against a circuit attorney elected to the office at the general election of 1868. In point of legal conformity and principle, the acts providing respectively for elections in 1866 and 1868 are equally valid as to officers not holding under the vacating ordinance.

2. *Legislative office in the United States — Incumbent has no vested right in.*— In the United States, offices created by the Legislature are not held by grant or contract; nor has any person a private property or vested interest in them, and they are therefore liable to such modifications and changes as the law-making power may deem it advisable to enact.

*Application for writ of quo warranto.*

*H. B. Johnson,* and *L. Brown,* for petitioner.

*L. H. Davis,* respondent, *pro se.*

WAGNER, Judge, delivered the opinion of the court.

The attorney-general applies for a writ in the nature of a *quo warranto,* and suggests that on the 9th day of March, 1867, Louis Brown was duly appointed and commissioned as circuit attorney within and for the tenth judicial circuit of this State ; that by virtue of said commission and the statutes in such cases made and provided, the said Brown is entitled to the said office until the first Tuesday after the first Monday in November, 1870 ; that upon the said Brown receiving his commission, he legally qualified thereunder, and thereupon assumed the duties of the office. The information then avers that on the 18th day of January, 1869, the defendant, Davis, unlawfully and illegally usurped and intruded into and exercised the duties of said office, and prays for judgment of ouster.

The defendant, for answer, states that he was duly elected to said office for the term of four years, at the general election held

in the year 1868, in November, by the qualified voters of the said judicial circuit, which election was held on the day prescribed by law for the election of circuit attorneys throughout the State; that at said election defendant received a majority of the votes cast for said office, and was duly declared elected; and on the 29th of December, 1868, was duly commissioned as circuit attorney by the governor; that, having been so elected and commissioned, he duly qualified according to law on the 18th day of January, 1869, and entered upon the discharge of the duties of said office.

To this answer a demurrer was interposed, assigning as a ground of objection that the act of the Legislature providing for the election of circuit attorneys, in the year 1868, was unconstitutional and void.

There is no difficulty in this case. Ever since the office of circuit attorney was made elective in this State, the period or duration of the term of office has always been fixed at four years.

In 1864 there was a regular election for circuit attorneys, and the term of the officers elected in that year expired in 1868. The convention subsequently vacated all the occupants of the office, and provided that appointments should be made by the executive till the expiration of the regular term. In the revision of the statutes, the revisors undertook to change the time for the election of circuit attorneys, and declared that they should all be elected at the general election in 1866, and every four years thereafter. A majority of this court, in an advisory opinion to the governor, held that this law was void so far as concerned officers holding under the vacating ordinance; that the ordinance being organic in its nature, and on account of the peculiar language used in it, the Legislature was incompetent to abridge the term. But it was distinctly announced that the office of circuit attorney was not a constitutional office, and was ordinarily subject to be controlled and regulated by the Legislature. (38 Mo. 419.)

In the case of The State ex rel. Kreiter v. Straat (41 Mo. 58), the validity of the law of 1866 was expressly affirmed as to all officers except those who held under the vacating ordinance.

State ex rel. Attorney-General et al. v. Davis.

The Legislature, at its adjourned session in 1868, amended the general statutes, and restored the time for electing circuit attorneys to the regular period in November, 1868, at which time the defendant was, elected in pursuance of law.  Brown never held under the vacating ordinance, and his title was not within its provisions.  He occupied the same position as did Straat, in the case in 41 Mo. referred to above.  If the position urged by the counsel for the State is correct, it wholly defeats and destroys the claim of Brown, for he seeks to hold under the tenure prescribed by the act of 1866; and if the Legislature did not possess the power to alter the law of 1866, and require the election to be held in 1868, they did not have the power to change the law of 1864, and provide for an election in 1866.  In point of legal conformity and principle, the acts of 1866 and 1868 stand upon the same basis; both are equally valid, with the exception heretofore adverted to, as to those holding under the vacating ordinance.  But the whole doctrine upon which the case is placed for the plaintiff is without support.

It proceeds upon the theory that a person in the possession of a public office created by the Legislature has a vested interest, a private right of property, in it.  This is not true of offices of this description in this country; they are held neither by grant nor contract.  A mere legislative office is always subject to be controlled, modified, or repealed by the body creating it.  In England, offices are considered incorporeal hereditaments, grantable by the crown, and a subject of vested or private interests.  Not so in the American States; they are not held by grant or contract, nor has any person a private property or vested interest in them, and they are therefore liable to such modifications and changes as the law-making power may deem it advisable to enact.  (3 Kent's Com., 11th ed., 454, note c; 2 Washb. on Real Prop. 250; Primm v. Carondelet, 23 Mo. 22; Butler v. Pennsylvania, 10 How. 415; Smith v. The Mayor, 37 N. Y. 518; Conner v. The Mayor, 1 Seld. 285; People v. Warner, 7 Hill, 81, 2 Den. 272; Baker v. Utica, 19 N. Y. 326; Lynch v. Mayor, 25 Wend. 680; Devoy v. Mayor, 39 Barb. 169; Canniff v. Mayor, 4 E. D. Smith, 430.)

The writ will be denied.  The other judges concur.