46 322
41a 129

## HORACE WILCOX, PUBLIC PRINTER, Petitioner, *v.* FRANCIS RODMAN, Respondent.

1. *Public printer — Mandamus — Act of March 28, 1870 (Wagn. Stat. 1127, §§ 29, 30), does not impair the obligation of a contract.*—The act of March 28, 1870 (Sess. Acts 1870, p. 85), abolishing the office of public printer after May, 1870, with the proviso that the then incumbent might continue the printing at a price twenty per cent. less than that before allowed by law, was not unconstitutional, as impairing the obligation of a contract, because, first, that office being a statutory one, may be controlled, modified, or abolished by law, and the officer goes out or holds on, subject to any change in the law;

second, even were the office a franchise, it would be subject to all the conditions and reservations of the act creating it, and that act (Gen. Stat. 1865, ch. 20, § 30) contains an express reservation of the right to amend, modify, or repeal it at pleasure. The act providing for said deduction is not to be considered as a modification of the original act as to price, but as a tender of the work for a given period, and hence is not unconstitutional within the spirit of section 23, article 4, of the State constitution.

## Petition for mandamus.

*Geo. P. Strong*, for petitioner.

I. The act of 1865 constitutes a contract with the person elected public printer on behalf of the State, and can not be repealed or modified in a manner that will infringe the rights of the petitioner without violating that provision of the Federal constitution and also of the State constitution, which prohibits the passage of any law that "impairs the obligation of a contract." Although the statute creates the office of public printer and provides for the election of such an officer, yet he is in no sense the agent of the State, as are the political officers through whom the functions of the government are performed. It can hardly be supposed that the Legislature intended by this law to reserve the power utterly to annul the contract at any moment, without regard to the interests of the other contracting party. Under such a construction no man could undertake to do the work of printing for the State. The provision of the act on this point is nothing more than an expression of the general power which the Legislature possesses without such a proviso to alter, modify, or repeal any law enacted by it; but this power, whether expressed or implied, is controlled by the provisions of the fundamental law, and can not be exercised in a manner which impairs. the obligation of contracts or destroys private rights.

II. The Legislature has failed to modify, amend, or repeal this law by any constitutional or valid enactment. Section 30 of the act of March 28, 1870, is a nullity for two reasons : first, it is not enacted in accordance with the form prescribed in the constitution (art. 4, § 25); second, if it were, it impairs the obligation of the contract between the petitioner and the State. (Const. U. S., art. 1, § 10; Woodruff v. Trapnall, 10 How.

190 ; Commonwealth v. Mann, 5 Watts & Serg. 403 ; Winter v. Jones, 10 Ga. 190 ; Const. of Mo., art. 4, § 25 ; Gen. Stat. 1864, p. 31.)

*Johnson & Budd*, for respondent.

The public printer, under the late law, was an officer, and not a contractor. (Gen. Stat. 1865, p. 143, §§ 1, 2.) The fees of an officer 'may be reduced during his term, and this is provided in this case by the law creating the office. (Gen. Stat. 1865, p. 148, § 30.) The office of public printer was a creation of the Legislature merely, and might be abolished by the same authority. (State *ex rel.* Attorney-General v. Davis, 44 Mo. 129.) But to guard against any claim of vested right in the office of public printer, or of contract for the work and fees of the office, the law creating the office and fixing the fees for printing provided that the one might be abolished and the other modified. (Gen. Stat. 1865, p. 149, § 30.) The law creating said office is repealed. (Sess. Acts 1870, p. 85, §§ 28, 29.) The Legislature tendered to Horace Wilcox, by the description of the present State printer, a contract for the public printing until May 1, 1871, at a fixed rate, twenty per cent. below former fees. (*Id.*, § 30.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff was elected public printer under the general act (Gen. Stat. 1865, ch. 20, p. 145) which fixes the prices at which the work shall be performed. The first section provides that "there is established an office to be called the office of public printer," and section 30 provides that "this chapter may be amended, modified, and repealed by the Legislature at pleasure."

On the 28th of March, 1870, the Legislature passed an act in relation to public printing (2 Wagn. Stat. 1127), sections 29 and 30 of which are as follows : "Sec. 29. The office of public printer is hereby abolished." "Sec. 30. This act shall take effect and be in force from and after the first Monday in May, 1870 : *provided*, that the present State printer shall do the State

printing and binding until the first Monday in May, 1871, at a price twenty per cent. less than the price now allowed by law."

The State printer presents a bill for printing to the Secretary of State for approval at the old price, and the Secretary refuses to approve it as presented, but deducts twenty per cent., and approves it with the deduction; and this is an application for a *mandamus* to compel him to approve it as presented. The petitioner claims that he was a contractor with the State for the full term for which he was elected, at the prices named in the statute, and that the act of 1870 is unconstitutional, in that it impairs the obligation of his contract. This claim can not be sustained for the reason, first, that the printer is a public officer, and the office is created by statute. It is undisputed that any statutory office may be controlled, modified, or abolished by law, and the officer goes out or holds subject to any change in the law. (State v. Davis, 44 Mo. 129, and cases cited.) But even if there were doubt about this, and the office were considered a franchise, it would be subject to all conditions and reservations of the act creating it; and we have seen that it contains an express reservation of the right to amend, modify, or repeal it at pleasure.

We do not see the radical difference contended for by counsel between this and other offices. It is true that bad faith on the part of the Legislature might greatly damage the petitioner, but that is not to be presumed, and he took the office with all its risks. There is hardly an office in the State, except that of judges, that is not subject to the risk of change of salary or fees; and the necessity spoken of, of making a large investment in printing material in order to perform the duties of the office, is not an inherent one. There are printing offices in the State owned by those upon whom no such necessity would be imposed, and the public printer is not bound himself to do the work, but may, and often does, get it done by others.

It does not matter whether the twenty per cent. deduction is to be considered as a modification of the original act as to price, or a tender of the work for a given period at a new price. We are inclined to view it as an offer by the Legislature in the interest of the late printer, which he could accept or otherwise. If he should go forward, and still do the printing under the offer, he

certainly can ask no higher price than the one tendered.  The latter view disposes of the objection to the new act, so far as the petitioner is concerned, because it does not comply with the constitutional requisition in regard to the manner of its enactment.  As to him, the act simply abolishes his office, and tenders him the printing until May, 1871, at a price to be ascertained by computation.  It does not come within the spirit of section 25, article 4, of the constitution referred to.

The other judges concurring, the writ is refused.