Longworth, J.
By the laws in force in the year 1877, (Municipal Code, §§ 205, 209, 211,121, — 66 Ohio L. 184,170), the mayor was authorized to suspend any policeman for “ neglect of duty, misconduct or other sufficient cause, ” until the next regular meeting of council, and to appoint other persons to fill the temporary vacancy caused thereby. Beyond this his power did not extend ; the right to remove from office being in the council alone.
Two questions arise for our consideration: first, had the mayor authority to make the suspension complained of? and if so, second, what is the effect of such suspension upon the policeman’s right to wages during the period of suspension?
It is clear that the mayor’s authority to suspend is limited to cases in which there exists sufficient cause for its exercise— it ought not to be exerted from mere whim or caprice, or for personal or political reasons. In the case before us, the answer alleges that the suspension was made by the mayor “ in the discharge of his duties as mayor.” No reply is interposed, and the allegations of the answer are taken as confessed. In the absence of averment to the contrary we are bound to presume that the facts justified the official action of the mayor, and that the suspension was for sufficient cause. No doctrine is better ■established than that the acts of an officer, within the scope of *23 his powers and authority, are presumed to be rightly and legally performed until the contrary appears. By the terms of the statute, however (§ 121), this suspension terminated with the next regular meeting of council, and that body having declined to remove Culp, having declared the reasons for his suspension insufficient, he became thereby reinstated in office. This took place twice, as shown in the answer, and on each occasion the mayor forthwith suspended him again.. It nowhere appears what was the cause, or causes, of these suspensions ; and if it be true, as claimed, that the mayor had no authority to suspend a second time for a cause which the council had declared insufficient, then we are bound to presume that the subsequent suspensions were for other and different causes. Taking the averments of the answer to be true, we must conclude that the plaintiff below was legally suspended from office from May 8, 1877, to July 4, 1877, because, if there existed sufficient cause, in fact, for the suspension, the declaration of council that such cause did not exist, would not have such a retroactive effect as to render it invalid during the time of its continuance.
Second. Was he entitled to wages during this period ? In Smith v. Mayor of New York, 37 N. Y. 518, it was held that no claim could be brought for salary or perquisites against a municipal corporation, covering any period when the complainant was not actually in office, for the reason that salary and perqrdsites are the reward of express or implied services, and therefore cannot belong to one who could not lawfully perform such services. To this extent the doctrine of the case cited was announced in Auditor v. Benoist, 20 Mich. 176; Shannon v. Portsmouth, 58 N. H. 183; Attorney General v. Davis, 44 Mo. 131; and is clearly laid down and justified in-the later case of Westberg v. City of Kansas, 64 Mo. 493. Indeed, I have been unable to find any case in which a contrary rule has been upheld. Offices are held, in this country, neither by grant nor contract, nor has any person a vested interest or private right of property in them.
The statute speaks of the suspension creating a vacancy, and provides how that vacancy shall be filled. If the office is *24 vacant it becomes, as to tbe suspended person, for tbe time being, as though it did not exist, and as to tbe public tbe person appointed to fill such vacancy is tbe sole incumbent of tbe office.
The court below therefore erred in rendering judgment for mor¿ than the amount admitted to be due.

Judgment reversed.

Okey, C. J., concurs, but expresses no opinion except as to tbe question stated in tbe syllabus.