STATE OF MISSOURI *ex rel.* THOMAS J. TILLEY, Relator, v. HARRY K. FORD, Respondent.

Kansas City Court of Appeals, April 14, 1890.

*Rehearing denied, May 12, 1890.*

1. **Stenographers:** APPOINTMENT OF: CONSTRUCTION OF ACT OF APRIL 2, 1883. The act of April 2, 1883, in reference to the appointment of official stenographers of the circuit court in counties of not less than forty-five thousand nor more than one hundred and fifty thousand population, designed to have as many of such

The State ex rel. Tilley v. Ford.

officers as there were, or should be, circuit courts, or divisions thereof, and that each of such stenographers should be commissioned by the individual judge who, at the time, presided over such court or the division thereof where the stenographer served ; and the act is a general law applicable not only to the counties *then* having the requisite population, but also those *thereafter* acquiring such population. Said act, too, obviously intended that where the circuit court of one of these counties should be subsequently divided, then each division should have a stenographer appointed by the judge thereof. So where, in 1889, the circuit court of Buchanan county was divided, the new judge of division number two had the power to appoint the stenographer of said division, and this, notwithstanding the fact, that, prior to the division, the judge of the circuit court had duly appointed an official stenographer of said court.

2 ——— : LEGISLATIVE OFFICE. The office of official stenographer is legislative, not constitutional, and may be modified, controlled or even abolished by the power that created it.

3. ——— : DUTIES : DEPUTY. The duties of official stenographer are to be entered upon under oath for their faithful and impartial performance, and may not be performed by an unsworn deputy. The deputy who may be called in to assist the court stenographer, under the terms of the act, was not intended to be an officer to take charge of the business in another court or division, but rather an assistant for duties to be done in the court or division for which his principal is appointed.

*Original Action by Quo Warranto.*

JUDGMENT FOR RESPONDENT.

*Stephen S. Brown, J. F. Pitt* and *B. R. Vineyard,* for relator.

Cited in a lengthy printed argument the following authorities: Laws of Mo. 1883, p. 59 ; *State v. Stonestreet,* 12 S. W. Rep. 895 ; R. S. 1879, sec. 5838 ; And. Dict. Law. 1023 ; *People v. Brundage,* 78 N. Y. 403, 407 ; R. S., sec. 3126 ; *Baker v. Kirk,* 33 Ind. 517 ; *Haight v. Love,* 39 N. J. Law, 476 ; *State v. St. Louis,* 90 Mo. 19 ; *Marbury v. Madison,* 1 Cranch, 162 ; Const., art. 2, sec. 22 ; art. 6, sec. 22 ; *Ex Parte Slater,* 72

The State ex rel. Tilley v. Ford.

Mo. 102 ; *In re McDonald*, 19 Mo. App. 370 ; Const., art 6, sec. 28 ; Laws of 1879, p. 80 ; *In re Tuller*, 79 Ill. 99, 107 ; *State v. Ferguson*, 62 Mo. 77, 78 ; *Farrell v. Pingree*, 20 Am. and Eng. Corp. Cases (Utah) 168 ; Broom Leg. Max. 34 ; Cooley Const. Lim., 456 ; Potter's Dwar. St. 164 ; *Ely v. Holton*, 15 N. Y. 595 ; *State v. Newark*, 40 N. J. Law, 558 ; *People v. Haskell*, 5 Cal. 357 ; *State v. Ferguson*, 62 Mo. 77 ; *Kelsey v. Kendall*, 48 Vt. 24 ; *Smith v. Auditor-General*, 20 Mich. 398 ; *Peters v. Marsey*, 33 Gratt. 368 ; *Rutherford v. Green's Heirs*, 2 Wheat. 203 ; *In re Tuller*, 79 Ill. 99 ; 22 Am. Rep. 170 ; *United States v. Arredondo*, 6 Pet. 733 ; *Dash v. Van Kleeck*, 7 Johns. 477 ; 5 Am. Dec. 291 ; *Peters v. The Auditor*, 33 Gratt. 368 ; Potter's Dwar. 162, 166 ; Sedgwick, 161, 172 ; see, also, Judge Burk's opinion in *Price's Ex'r v. Harrison's Ex'r*, 31 Gratt. 114, 119–120 ; and Judge Staples' opinion in *Town of Danville v. Pace*, 25 Gratt. 1, 19 ; Cooley Const. Lim. 370 (marg.) and cases cited.

*Lathrop, Smith & Morrow*, also, for relator.

In an extended printed argument used the following citations : Const., art. 6, secs. 24, 26, 28 ; R. S. 1879, sec. 1126 ; Laws, 1889, pp. 73, 74 ; R. S., sec. 3342, p. 1889 ; Const., sec. 28 ; R. S. 1879, sec. 1126 ; Laws of 1889, p. 73 ; R. S. 1889, sec. 3342 ; Laws, 1883, sec. 1, p. 59 ; *State ex rel. v. Laughlin*, 75 Mo. 147, 161 ; R. S. 1879, sec. 3537 ; Const., art. 6, sec. 39 ; R. S. 1879, sec. 614 ; R. S. 1879, sec. 616 ; Const., art. 6, sec. 25 ; Laws, 1889, pp. 73, 74 ; Acts, 1883, sec. 1, p. 59 ; Laws, 1883, sec. 5, p. 59 ; *People ex rel. v. Leask*, 67 N. Y. 521, 525 ; R. S. 1889, sec. 6570, par. 8 ; *Field v. Hill*, 2 Scam. (Ill.) 79 ; *Hake v. Henderson*, 25 Am. Dec. 677 ; *State v. Chadburn*, 63 Iowa, 659 ; *Thomas v. Burrus*, 23 Miss. (550) 556 ; *Johnston v. Wilson*, 2 N. H. (202) 203 ; *State ex rel. v. McNeeley*, 24 La. Ann. 19 ; *Marbury v. Madison*, 1 Cranch, 162 ; *State ex rel. v.*

*Bankson*, 23 La. Ann. ( 375 ) 377 ; *State ex rel. v. Harrison*, 113 Ind. ( 434 ) 438 ; *State v. Seay*, 64 Mo. 89 ; *Collins v. Macy*, 36 Texas ( 546 ) 547 ; Const., art. 14, secs. 5 and 9 ; R. S. 1889, sec. 7121 ; *Jeter v. State*, 1 McCord, 243 ; *Peters v. Auditor*, 33 Gratt. ( Va.) 368, 375 ; *Gaslight Co. v. Gas Co.*, 12 Am. & Eng. Corp. 334.

*Lancaster, Hall & Pike,* for respondent.

In long printed argument, cited : R. S. of 1889, secs. 8240-8244 ; Laws of 1889, pp. 73, 74 ; Const., art. 6, sec. 24 ; R. S. 1889, sec. 8245 ; Laws of 1879, p. 80 ; Laws of 1881, p. 105 ; *Peters v. The Auditor*, 33 Gratt. 368 ; *People ex rel. v. Flynn*, 62 N. Y. 377 ; *People ex rel. v. Leask*, 67 N. Y. 521, *loc cit.* 526 ; *State ex rel. v. Davis*, 44 Mo. 131 ; *Wilcox v. Rodman*, 46 Mo. 325 ; *Preum v. Carondelet*, 23 Mo. 32, and *Westberg v. Kansas City*, 64 Mo. 503.

GILL, J.—This is a proceeding by *quo warranto* to test the title of the defendant to the office of official stenographer of Buchanan county circuit court, division number 2. The defendant, by a general demurrer to the information, has put in issue the merits of his claim to that office. It seems to be conceded that the relator's case is well stated in the information. The facts, so far as necessary to the determination of the questions raised by the demurrer, are as follows : At the general election in 1886, O. M. SPENCER was elected judge of the twelfth judicial circuit of Missouri, which, at that time, consisted of the counties of Buchanan and DeKalb, for the term ending January 1, 1893, and in due time entered upon the discharge of his duties. Buchanan county then had more than forty-five thousand inhabitants, and DeKalb county less than that number. On the third day of January, 1887, the relator was duly appointed official stenographer of the circuit court for Buchanan county by the judge of said court, and qualified and

entered upon the performance of the duties of that office. On the thirteenth day of April, 1889, DeKalb county was, by an act of the general assembly, detached from the twelfth circuit and attached to the twenty-eighth, and by another act, approved the same day, two judges were provided for the twelfth circuit, consisting of Buchanan county ; and it was further provided, that the court should be composed of two divisions, and that "circuit court, division number one," should be presided over by the then judge, and "circuit court, division number two," should be presided over by the newly created judge. HENRY M. RAMEY was made the additional judge under that act, and on April 26, 1889, made an order appointing defendant official stenographer of circuit court, division number two, under which order he is now performing the duties of the office of stenographer with respect to all the business of that division. The defendant claims that the act of the general assembly providing two judges for the twelfth circuit had the effect of making the relator, who was then holding the office of official stenographer for the circuit court of Buchanan county, the official stenographer of division number one of said court, or that it legislated him out of office altogether. The relator claims that his tenure of office, as official stenographer of the Buchanan circuit court, was in no way affected by that act. These respective claims constitute the whole controversy.

I. Since this case was submitted, at our last call of the docket, we have read and considered the learned and very elaborate briefs and arguments of counsel on both sides ; and give it as our opinion that respondent Ford was legally appointed, and is entitled, on the facts stated by relator Tilley, to hold the office of official stenographer of division number two, of the Buchanan county circuit court. We propose now to give expression, briefly as we can, to the reasons which have

brought us to this conclusion. And, in so doing, counsel must pardon us for failing to follow the various ramifications. of the arguments so liberally, and yet so ably, indulged in by them; for, as we view the case, a proper construction of the statute law relating to court stenographers settles this controvery in respondent's favor. The authority for the appointment of Mr. Tilley as court stenographer of the Buchanan circuit court, in January, 1887, is found in the act of the general assembly of the state of Missouri, approved April 2, 1883. Laws, 1883, p. 59. For the purpose of expediting the business of the courts it is there provided, in section 1 of the act, that, "The judges of the circuit courts of the state of Missouri, for counties having a population of more than forty-five thousand and less than one hundred and fifty thousand inhabitants, shall appoint an official stenographer for each court, *or each division* of said circuit court, who shall be well skilled in the art of stenography, and shall have had at least three years' actual practice in court reporting. Such stenographer shall be a sworn official of the court and shall hold his office *during the term of the judge appointing him.*" From the reading of this section it seems clearly the intention of the legislature : *First*, to create the office of court stenographer, and, *secondly*, to limit the occasion proper for his appointment to counties, where circuit courts are held, having a population of not less than forty-five thousand or more than one hundred and fifty thousand. It is equally clear that the design was to have as many of these officers as there were, or should be, circuit courts, *or divisions thereof*, in said counties, and, further, in each case that such court stenographer be commissioned by the individual judge who may at the time preside over such court, or over such division thereof. This, too, was enacted as a general law, applicable not only to counties *then* having the requisite population, but applicable, as well, to those which might grow into, or

.up to, the necessary population. It was, too, obviously intended that, where the circuit court of one of these counties should be subsequently divided, then each division should have a separate stenographer. In other words, this law was intended to supply the needs of the future as well as the wants of the present. So, then, when Judge SPENCER entered upon the duties of circuit judge in the twelfth judicial circuit on January 1, 1887, and found Buchanan county possessed of the requisite population of more than forty-five thousand and less than one hundred and fifty thousand, he was authorized to appoint a court stenographer for his said court in that county. And this he did by selecting and commissioning relator Tilley, who took the office for a tenure or term coextensive with that of Judge SPENCER.

But Tilley, in accepting the appointment of stenographer for the then united (one) court of Buchanan county, conceded the power and right of the state to divide that court into two or more divisions; and, when so divided, he conceded the duty of the judge of the new division to appoint his own stenographer. The law then existing by force of the statute of 1883, to which we have above referred, had already directed, that in case the Buchanan court was (for the purpose of the transaction of its business) separated into two divisions that the judge of each division should have the selection of its stenographer. That contingency happening by force of the act of the general assembly approved April 13, 1889, whereby a new division of the court was created and Judge RAMEY appointed, there existed an office under the law with no occupant thereof. Hence a *vacancy* existed in the office of official stenographer of division number two of said court, to which respondent Ford was legally appointed. The practical result was, that (for the purpose merely, it is true, of facilitating the transaction of the business of an overcrowded docket) there was "carved out" a portion of

the work belonging to the Buchanan court, and the same was set off to the new judge and such portion was called "division number two." Judge SPENCER continued as judge of said court, and along with him continued in office his stenographer. But for said "division number two" the act of 1883 provided the judge thereof should select a separate court stenographer which was done, and here rests the title of respondent Ford, which we think is unhurt by this assault.

It may be that thus creating a new court or rather *division* (division number two) relator's duties may be curtailed, and the money-earning power of the office lessened, as to him. Still this is nothing against our position. Court stenographer is a mere *legislative office*, as distinguished from a constitutional office. The legislature created it, and it may be modified, controlled or even *abolished* by the power that created it. *State ex rel. v. Davis*, 44 Mo. 129. The legislative office, such as this, is taken subject to the risk of modification, or even repeal. *Wilcox v. Rodman*, 46 Mo. 322. The contention of relator, in our opinion, stands opposed, practically, to every provision of the statute providing for such office. It was designed by the law that the selection of this court reporter (whose duties are at all times so important in preserving the evidence at the trial, and as well the rulings of the court thereon) should rest with the *circuit judge*, and that before entering upon his duties such officer should make an oath to faithfully and impartially perform the same. Laws 1883, p. 59. Whereas if relator Tilley should be permitted to act as court stenographer of the two divisions (sitting separately and at the same time, as they are required) the duties of one of these courts must, of necessity, be assumed and performed by an unsworn deputy, appointed, not by the *judge* of the division, but by the *stenographer* doing duty in another division. The deputy that may be called in to assist the court

stenographer (Acts of 1883, section 5, *supra*) was not intended to be an officer to take charge of the business in *another court or division*, but rather an *assistant* for the duties to be done, or performed, in the court or division to which such official stenographer has been by the judge thereof appointed.

Acting then on these views, the demurrer to the information and writ is sustained, and judgment herein entered for respondent. All concur.