Gorman, J.
The petition in this case was filed more than a year ago. It is an action in mandamus. Plaintiff alleges that she was duly appointed as jail matron several years ago, and continued as jail matron until January, 1911; that her'salary was fixed by the Probate Court-of Hamilton County in 1906 when she was first appointed at $50 per month, upon the recommendation of Sheriff Salmon Jones, who made the appointment, and that thereafter on March 27, 1909, upon the recommendation of Sheriff Henry W. Hamann, the Probate Court of Hamilton County fixed the salary .at $60 per month, increasing it from $50 to $60 per month; .that from March 27, 1909, to about January 1, 1911, she continued to serve as jail matron .and drew her salary of $60 per month; that on or about the first of January, 1911, the defendant, Cooper, who was the newly elected and qualified sheriff, without preferring any charge for cause, and without hearing of such charges before the probate judge of Hamilton county, -and in fact disclaiming that he had any charges for cause to prefer against the relator, ordered the relator from said jail and excluded her therefrom against her protest and has not permitted her to perform her duties as jail matron since said date, although the relator has been ready and willing to perform such service at all times. The relator further alleges that on divers and sundry occasions she tendered her services as jail matron to the defendant, Cooper, since January 1, 1911. She prays that a rule may be issued to the defendant, Cooper, to show cause why he, the sheriff, should not issue a certificate to the relator for her salary, as the same shall become due and payable, and why he should not reinstate the relator as jail matron so that she can perform the duties enjoined upon her by law, and that upon a final hearing an order to issue such certificates and for reinstatement be made peremptory.
At the time of the filing of the petition on February 11, 1911, an alternative writ was issued, and the defendant on coming in upon the alternative writ, has demurred to this petition, on the ground that the allegations stated therein do not set forth facts sufficient in law to constitute a cause of action.
The authority for appointing a jail matron is found in Section 3178 of the General Code (Section 7388a, Revised Statutes). *661 In substance that section provides that the sheriff may appoint not more than three jail matrons who shall have charge over and care for the insane, and all female and minor persons confined in the jail of such county, and the county commissioners shall provide suitable quarters in such jail for the use of such matrons. It is further provided that the appointment shall not be made except upon the approval of the probate judge, who shall fix the compensation of such matrons not exceeding $60 per month payable out of the general fund of the county upon-a warrant of the county auditor, upon the certificate of the sheriff. No matron shall be removed except for cause, and then only after a hearing before such probate judge.
The court is of the opinion that mandamus is the proper remedy in a ease of this Mnd under Section 12283, General Code, which provides that:
“Mandamus is a writ issued, in the name of the state, to an inferior tribunal, corporation, board, or person, commanding performance of an act which the law specially enjoins as a duty resulting form an office, trust, or station.”
The sheriff of the county is a person and if his official position requires him under the law to issue a certificate to the relator or to reinstate her as a jail matron, or both, then it would appear that he may be commanded to do this, because the doing of it is the performance of an act or acts which the law specially- enjoins as a duty resulting from his office of sheriff.
Now at the outset, if the relator is entitled to be reinstated and to have a certificate issued to her for her salary, it must be upon the ground that she is an officer, or that the position which she has held is one which entitles her to remain as jail matron indefinitely during good behavior, and regardless of who may-have appointed her in the first instance. This is her claim as the court understands it; that her appointment is for an indefinite period and that she can not be removed except upon charges being filed and a hearing had before the probate judge of Hamilton county.
. It is the contention of the sheriff that the relator is not an officer, but if the court should hold her to be an officer, then that the section of the statute under which she was appointed and hi aims to hold is unconstitutional and void, because if she is an' officer, *662 it must be a county officer, an officer of Hamilton county, and by the provisions of the Constitution all county officers must be elected and- none can be appointed, so that when this section provides for the appointment of a jail matron, if the court should be of the opinion that this is an office and that she is an officer, then the Legislature has undertaken to provide for her appointment in contravention of the constitutional provision which requires an election. It is further contended by the sheriff that if she be not an officer, but an appointee, either as a deputy, or under contract or appointment as an assistant to the sheriff, then her term of service expires with the expiration of the term of office of the sheriff who appointed her, and that inasmuch as Mr. Hamann’s term of office expired on January 1, 1911, and the defendant, Cooper, was inducted Into the office of sheriff on that date, the relator’s services terminated on that day, unless she were reappointed by the defendant herein.
Now let us take up these questions in their order. I think that it must be clear in this case, that the relator is not an officer, nor did the Legislature intend to make her an officer. By the provisions of Article XY, Section 4, of the Constitution of this state, “no person shall be elected or appointed to an office in this state unless he possesses the qualifications of an elector. ’ ’
Article Y, Section 1 of the Constitution of Ohio, provides:
“White male citizens only of the United States, of the age of twenty-one years, who shall have been a resident of the state one year next preceding an election, etc., shall have the qualifications of an elector and be entitled to vote at all elections.”
It will be seen, therefore, that the relator does not come within the class of persons who are electors under the Constitution of this state, and therefore she could not hold an office; and upon this ground, if it be contended that the position of jail matron is an office, she must fail in her contention inasmuch as she is not qualified to fill the office. It may be a consummation devoutly to be wished, and it is such in the opinion of a great many of our citizens that this provision of the Constitution shall be amended so as to include females as well as males, as electors; but until this amendment does take place, women can not hold office in Ohio, and the relator in this case is unfortunate in being classified with the disfranchised portion of the citizens of our state.
*663 Furthermore, if we are to hold this position of jail matron to be an office, and the incumbent therein an officer, then inasmuch as it is provided in Section 1 of Article X of the Constitution that the General Assembly shall provide by law for the election of all necessary county officers, and by Section 2 of the same artielé, county officers shall be elected, then this section of .the. statute contravenes these provisions of the Constitution by providing for the appointment of an officer and it would be the duty of the court,-under such circumstances, to hold the act unconstitutional.
It was held in the case of State, ex rel, v. Brennan, 49 O. S., 33, that an act of the Legislature which makes provision for the appointment by the clerk of the court of common pleas óf a stationery storekeeper for Hamilton county, and devolves upon such storekeeper the duty to purchase and have charge of all blank books, stationery, printing and office appliances for the offices of that county, fixing an-annual salary of $1,500, to be paid by the county treasurer from the general fund of the county, and requiring a bond in the sum of $5,000 for the faithful performance of his duties, is an attempt upon the part of the Legislature to constitute a county office and provide for the filling of the same for a full term by appointment and that such act is in contravention of Sections 1 and 2 of Article X of the Constitution, which requires that all county officers shall be elected, and is therefore void."
It was also held in State, on relation of Armstrong, v. Holliday, 61 O. S., 171, that:
"The office of county warden created by an act of the Legislature, Section 409 of the Revised Statutes, is a county office andean not be filled by appointment inasmuch as it contravenes Article X, Section 2 of the Constitution.”
In that ease where a mandamus was sued out to compel the auditor of Franklin county to draw his warrant on the treasurer of the county for the payment of certain fees claimed to be due in a prosecution instituted before a justice of the peace by one Terry, fish and game warden of the county, it was held that the writ would not lie, because Terry held his office by appointment and not by election, and that he was not an officer and that, the act under which he was appointed was unconstitutional,
*664 In this case as in every other ease in which the construction of an. act of the Legislature is involved, it is the duty of the! courts to uphold the constitutionality of the enactment unless, it be clearly in contravention of some provision of the Consti-' tution.. The court will endeavor also to avoid holding an act unconstitutional if a construction can be placed upon the act which will enable it to stand, and'at the same time give forc'e and. effect to the intent of the Legislature in passing the enactment. Now in this case, I am of the opinion that it was not the intention of the Legislature to 'create the office of jail matron, but rather it was the intention of the Legislature to provide for an assistant to the sheriff, or a deputy of the sheriff, if we .may please to call it that, and an examination of the sections of the. General Code applicable to jails and the inmates thereof will dis-' close that the Legislature did not contemplate making an office, of the jail matron. By the provisions of Section 3157 of the General Code, the sheriff shall have charge of the jail of the county, and all persons confined there, keep them safely, and attend to the jail, and govern and regulate it according to the rules and regulations prescribed by the court of common pleas.
Now if the sheriff is the custodian of- the jail and the persons therein confined, as this section provides, how can he be relieved of the duties resting upon him by appointing a jail matron or three jail matrons, as he has the right to do under Section 3178? There is no doubt that the sheriff is an officer, and a constitutional' officer at that. This Section 3178 provides that the sheriff may appoint not more than three jail matrons, who shall have charge over .and care for the insane, and all female and minor persons confined in the jail. But by the provisions of Section 3157, the sheriff shall have charge of all persons confined in the jail and shall safely keep them; shall- attend to the. jail and govern and regulate it.
It seems to the court that Section 3178, read in connection with Section 3157, if they are both allowed to stand, must be construed to mean that the matron or matrons whose appointment is provided for shall be subordinate to the sheriff and. perform their duties under his direction and control. The Legislature does not appear to have made it obligatory to appoint a jail matron, but has made it discretionary. The language is, *665 ‘ ‘ may appoint ’ ’ not ‘ ‘ shall appoint, ” or “ must appoint so that' the necessity for the appointment of one or more jail matrons in the exercise of good faith, sound judgment and with a view to public economy, should be measured by the necessity for a jail matron. In some counties it might not be considered necessary to have a jail matron, and we conceive it to have been the intention of the Legislature to leave the appointment of a jail matron to the sound discretion of the sheriff, and the number of matrons not t<3 exceed three to be appointed, was also left to his discretion. So that whether the matron be designated as a deputy sheriff or as an assistant to the sheriff, or as an appointee of the sheriff, it appears to the court that it can make no material difference as to her tenure. It has been decided in numerous cases in this state that a position similar to that of jail matron is not an office, but merely a deputy or employe.
In the case of, State, ex rel v. McGonagle, 5 C.C.(N.S.),, 292, an action in quo warranto was brought by a person claiming to be superintendent of a county children’s home, under Section 930 of the Revised Statutes. In this statute it was provided' that the board of trustees of the childrens’ home shall designate some suitable person who shall act as superintendent of said home, who shall also be clerk of said board of trustees and shall receive for his service# such compensation as the board of trustees designate at the time of appointment. He shall perform such other duties, and give security for the faithful performance of them, as the trustees may direct. It was held hy the court-in this case that'the office of superintendent was not a public office and that the court had no jurisdiction in quo warranto proceedings brought by the relator.
In the case of State, ex rel Willis, v. Taylor, Prosecutor, 3 N.P.(N.S.), 505, it was held by Judge Dillon, of the Court of' Common Pleas of Franklin County, that an assistant prosecuting attorney is not an officer in the sense that the word is used in the state Constitution, but that he is a person authoritatively appointed to assist an officer in an office provided by law.
We think that the reasoning of the learned judge in this case would apply with great force to the case at bar; that the jail matron is a person authoritatively appointed to assist an officer— the sheriff — in an office — the office of sheriff — provided by law; *666 The court held that the fact that the assistant prosecuting attorney is required to take an oath of office and perform many, of the duties imposed by law upon the prosecuting attorney, does not, nevertheless, constitute the assistant prosecuting attorney an officer,
In the case of State, ex rel Brady, v. French, Treasurer, 6 N, P., 122, decided by Judge Rufus B. Smith, of the superior court of this city, it was held that, where the county treasurer appointed a collector of delinquent taxes under Section 2858 of the Revised Statutes, authorizing the county treasurer to employ, collectors of delinquent taxes upon personal property, that the appointee is merely a deputy treasurer and holds his appointment only so long as his principal holds. In that case, Brady was appointed by John C. Roth, county treasurer, and he entered upon the discharge of his duties with Roth, treasurer, in September, 1908. About two months after Mr. Roth took his office as treasurer, he met his death by accident, and his successor, Tilden R. French, was appointed by the commissioners of Hamilton county. It was contended on behalf of Brady that by virtue of his appointment and contract with Roth, treasurer, he was entitled to hold his position for a period of two years. Judge Smith found in that case that Brady was only a deputy and that his term of service could continue no longer than that of his principal.
Section 9 of the General Code, among other things,' provides that a deputy or clerk, appointed in pursuance of law, shall hold the appointment only during the pleasure of the officer appointing him. So that, if the relator shall be considered as a deputy of the sheriff, she can hold no longer than her principal, and when he laid down the duties of his office upon the expiration of his term, she had no further right to retain her position, except by reappointment by the new sheriff.
In the case of State v. Kendle, 52 O. S., 346, it was held by the Supreme Court that the jury commissioners of the county appointed by the judges of the court of common pleas of the district were not officers, and therefore the act providing for their appointment was not in contravention of any of the provisions of the Constitution. On pages 355 and 356, the court says:
*667 “It is .also claimed that the statute is invalid, because it provides for the appointment of the members composing the commission, instead of their election by the electors of the county, as is required in the case of all county officers by Section 2, Article X of the Constitution.”
But the court held that they were not officers. On page 356, the court says:
"The power of the Legislature to provide for the appointment of persons to act as assistants in an office filled by election has not, and can not well be questioned. It is on this principle that the appointment of deputy clerks, deputy sheriffs, and so forth, are made and recognized, each of whom perform many, and in some cases all, the duties of the office in which he acts as deputy. So as to these commissioners. They are appointed by the common pleas judges to assist in the administration of justice, as are master commissioners and court constables. They are but handmaids of the court in the selection of judicious and discreet persons to serve on such juries as are required in the trial of causes, and the presentment of indictments.”
The reasoning employed by the court in this case may well be applied to the case at bar. The appointment of the jail matron as an assistant in the administration of the office of the sheriff, taking care of the inmates of the jail, especially those who are unfortunate, being insane or minors, or' of the women therein, is but a handmaid of the sheriff.
In the case of State, ex rel, v. Jennings, 57 O. S., 415, an action in quo warranto, it was held that where an ordinance of a municipality provided for a fireman and defined his duties requiring him to take an oath of office, give bond and perform such duties as are usually performed by a chief of a fire department paid by the month for his services out of the public treasury, is not a public officer, and notwithstanding the length of the term of his appointment, he could not be ousted on the ground that he had not been appointed by the mayor and confirmed by the council. He was held to be a mere appointee or assistant.
In the case of State, ex rel Wolfe, v. Schaffer, 6 N.P.(N.S.), 219, it was held that the position of a court constable or a court bailiff is not an office and that the incumbent thereof is not an officer, although he is appointed by the court, required to take an oath for the performance of his duties and perform very grave *668 duties in assisting the" court in' the administration óf justice. Judge Killits, now on the federal bench, decided this case, .and held that neither the position of a deputy sheriff nor court con-. stable is a public office. - .
In the case of Theobald v. State, ex rel, 10 C.C.(N.S.), 175, before the Circuit Court of Montgomery County, the opinion being announced by Judge Smith of our own Circuit Court, he defined an officer in the sense in which the word is used in the Constitution of Ohio, as an individual who takes the oath of office -and becomes responsible to the public for his own official acts and those of his subordinates.
Now if we apply this rule to the case at bar, the relator in this ease was not primarily responsible to the public for the performance of her duties, but to the sheriff, and he is the only one under the statute who had the power to prefer charges for a hearing before the probate court to remove her.
A very strong ease, in fact one much stronger than the. case at bar, is the case of Palmer v. Zeigler, 76 O. S., 210, in which the Supreme Court held that:
“The superintendent of a county infirmary is not the holder of a public office within the meaning'of Section 6760, Revised Statutes, and quo ivarranto is not the proper remedy to oust him from office.”
By the provisions of the -statute a superintendent of a county shall be appointed by the directors of the- county infirmary and he shall reside in some apartment of the infirmary. He- shall receive compensation for his services to be determined by-the directors of the county infirmary, and can not be removed by the directors of the infirmary, except- for good and sufficient cause. He is required to receive all persons into the infirmary, to make elaborate reports, take an oath óf office, give bond for the faithful performance of his duties, to receive and collect money,account for the same, take charge of inmates, and perform a great many duties such as officers ordinarily- perform. In t.Tna ease a superintendent had been appointed-by a former board, of directors, of the. infirmary, and he claimed the right to-holdover after .a new board of directors of the infirmary was- inducted into office, just as the relator in this case claims the right to hold after the new sheriff took office. The new directors of the in *669 firmar'y appointed Zeigler, and Palmer, the incumbent, resisted Zeigler "in taking possession of the infirmary buildings and property. The-court held that the superintendent of the infirmary is a mere employe or contractor , under oath and bond, limited'on all sides in- his authority; and that upon the expiration of the term of office of the directors who appointed him and the induction of new directors-of the infirmary into office, he was not entitled to hold his position except by the appointment, consent or acquiescence of the new directors. Notwithstanding the provision' of the statute which requires that the superintendent of an infirmary shall hot be removed by the directors except for good and sufficient cause, the Supreme Court in this case, on page 227, disposes of that proposition in the following language:
“However, if he was a public officer, he was such only during the term for which he was appointed, which ended on the first day of April, 1905. On that day Zeigler was entitled to take possession, and Palmer .no longer had the title or color of title to the position. He became, a trespasser when' he refused to yield possession and retire. He was not removed from office, but his term had expired and therefore no reasons were to be assigned, as in ease of removal.”
In the case at bar, the sheriff takes the position that by the expiration of the term of office of Sheriff Hamann, the matron’s term of appointment also expired and that she was not removed, nor was it neeéssary to remove her. She simply' has ceased' to be a matron by the expiration of the term of' her superior officer. Her appointment fell with the expiration 6f thé term of the sheriff who appointed her. So that it Was not'necessary to remove her, nor was it necessary to prefér any charges in the probate court or to have a hearing thereon.'
It has been suggested that some force roust be given to the language of the state, Section 3178, which provides for preferring charges and a hearing before the probate court.
We think that the construction suggested by counsel for, defendant is the correct one with reference to this part of the statute. That during the term of the sheriff who appoints tlie matron, the matron appointed by him can not be removed from her position without charges being preferred and a hearing had in the probate court. But this rule does not apply when the *670 sheriff who appoints the matron has become functus officio, and with the expiration of his term of office, all of his deputies, appointees, clerks and assistants come to the close of their tenure.
This we think is the proper construction to give to this language, in view of the statute, Section 9 of the General Code, and 'other authorities that might be cited.
It is said in the 29th vol. Cyc., 1395, under the title of "Officers”:
“Deputies, whether common law or statutory, are, where their terms are not fixed by statute, supposed to be appointed at the pleasure of "the appointing power, and their deputation expires with the office on which it depends. Deputies must, from this point of view, be distinguished from assistants to whom a fixed term has been given by law.”
.Now in the case at bar, no fixed term is given to the matron, and it would seem that her tenure is analogous to that of a deputy who holds without any fixed term.
Throop on Public Officers, says:
. “A deputy’s commission in the absence of any statutory provision to the contrary, runs only while the principal’s term lasts; if the principal is re-elected or reappointed the deputy must be appointed anew.”
, The sheriff of this county holds his office for two years and his deputies, clerks and appointees can hold no longer than he holds without the consent, acquiescence or appointment of his successor. It would indeed be an anomolous situation for the Legislature to authorize one officer to appoint for an indeterminate or indefinite period a person as- deputy or assistant and foist that deputy upon his successor without his consent, without his approval, in face of the fact that the person might be obnoxious to his successor, although subordinate to the officer, in the performance of his duties.
Furthermore, it is a grave question whether or not the relator in this case would be entitled to have a mandamus issue to require the sheriff to issue to her a certificate for her salary upon this ground. It is held in this state that the compensation to be paid, to an officer depends upon the performance of the duties and that when no services have been performed, no compensation can be *671 paid, and this regardless of the fa'et that the officer might have been ready and willing to perform, bnt was prevented from performing his duties by a superior officer.
It was held by the Supreme Court in the case of Steubenville v. Culp, 38 O. S., 18, the opinion announced by Judge Long-worth, that, a police officer suspended from office by a mayor of a city under authority granted to the mayor to do so, is not entitled to wages during the period of such suspension, notwithstanding the fact that council afterward declared the cause of suspension insufficient. On page 23 Judge Longworth says:
“Was he entitled to wages during this period? (During period of suspension.)
“In Smith v. The Mayor, 37 N. Y., 518, it was held that no claim could be brought for salary or perquisites against a municipal corporation covering any period when the complainant was not actually in office, for the reason that salary and perquisites are the reward of express or implied service, and therefore can not apply to one who could not lawfully perform such service.
“To this extent the doctrine cited was announced in Auditor v. Benoist, 20 Mich., 176; Shannon v. Portsmouth, 58 N. H., 183; Attorney-General v. Davis, 44 Mo., 131, and is clearly laid down and justified in the later case of Westberg v. City of Kansas, 64 Mo., 493. Indeed, I have been unable to find any case in which a contrary rule has been upheld. Offices are held in this country neither by grant nor contract, nor has any person a vested interest or private right of property in them.”
Our circuit court in the case of State, ex rel Cronin, v. Eshelby, Comptroller, 2 C. C., 468, approved and followed this decision of Steubensville v. Culp, supra. This last case was an action in mandamus by the relator, Cronin, to require the city to pay him the sum of $1,500 salary as wharfmaster. Cronin was appointed wharfmaster by the city council. In the spring of 1885 after Cronin’s appointment, one Carson was elected by the people as wharfmaster. Cronin brought an action in quo warranto against Carson, and the Supreme Court ousted Carson and held that Cronin was entitled to the office, and reinstated Cronin in the office. Cronin then brought suit for the salary during the time that Carson occupied the office and the circuit court held that although Carson wrongfully held the office, he drew the salary and Cronin could not recover from the state.
*672 So that in the case at bar I am of the opinion that the relator, not having performed the duties of jail matron since January 1, 1911, is not entitled upon this ground to a mandatory order • directing the sheriff to issue to her a certificate for her salary.
Nor should a mandatory order be issued to the sheriff to reinstate the relator for this reason: it appears that under the section of the statute providing for the appointment of jail matrons, the appointment must be approved by the probate court, and the compensation of the appointee as jail matron shall be fixed by said court at not exceeding $60.
Now there is a discretion vested in the probate judge of the county to approve the relator’s appointment and to fix her salary, and it has been universally held that a writ af mandamus will not lie to compel an officer to perform an act which is discretionary or in which he has a right to exercise a discretion. It would be useless to issue a mandatory order to the sheriff to reinstate the relator in this ease unless the judge of the probate court could also be compelled to approve her appointment' and fix her salary. It is not sought in this proceeding to do this, but even if it were, it has been held in the case of State, ex rel Smith, v. Robson, 3 N.P.(N.S.), 5, by Judge Allread of the Common Pleas Court of Darke County, that a mandamus will not lie to compel a judge of the probate court to approve the appointment and fix the salary of a jail matron. It was sought in that case to mandamus the judge of the probate court to approve the appointment made by the sheriff of a jail matron, and to fix her salary, upon the averment that the probate judge of the county refused to approve her appointment or fix her salary. The ground upon which this decision rests is that courts have no authority in the absence of the abuse of discretion, to control or direct a defendant in the exercise of a discretion confided in him by law.
. It would seem, therefore, that upon the two latter grounds also a mandamus should not issue in this case.
The judgment of the court, therefore, is that the demurrer to the petition will be sustained on the ground that the allegations thereof do not state facts sufficient in law to constitute a cause of action.