The People, *ex rel.* Eli Perry, *vs.* Robert Thompson, chamberlain of the city of Albany.

The writ of mandamus is never allowed where it appears that the relator can accomplish the result sought for, by an action. It was never designed to be a remedy for the collection of a debt.

After an individual has been declared by the common council of a city to be duly elected to the office of mayor, and has received their certificate of such election, taken the oath of office, and entered upon the discharge of its duties, his salary is a debt against the corporation, and may be recovered by suit, like any other debt. A mandamus will not, therefore, be granted, to compel the payment of such salary.

MOTION for mandamus. On the second Tuesday of April, 1856, an election was held in the city of Albany, for charter officers, and among others, for a mayor, who was to hold his office for two years, commencing on the first Tuesday of May. The relator was a candidate for the office. The common council, at its next meeting after the election, proceeded to canvass the votes, and, upon such canvass, it was declared, as the result of the election, that the relator had received the greatest number of votes, and was duly elected to the office. He accordingly took the oath of office, and on the 6th of May, entered upon the discharge of its duties. On the same day the new common council undertook to re-canvass the votes, and upon this canvass it was declared that another person was duly elected. He also took the oath of office and

assumed to discharge its duties. See the facts stated more fully in the report of *Morgan* v. *Quackenbush*, (22 *Barb.* 72.) The salary of the mayor of the city had been fixed, by an ordinance of the common council, at $1000 per annum. On the 8th day of May, 1857, the relator applied to the defendant, as chamberlain of the city, for the payment of one year's salary, which had then become due to him as mayor. The defendant refused to pay the same. Upon affidavits showing these facts, the relator moved for a mandamus to compel the defendant to pay the amount due him for his salary.

*L. Tremain*, for the relator.

*J. K. Porter*, for the defendant.

HARRIS, J. Which of the parties who claim to have been elected mayor is rightfully entitled to the office, is a question which, unfortunately, has not yet been solved. As between the relator and his competitor for the office, the question is still open for litigation. But, as between the relator and the corporation of Albany, it is at least doubtful whether the right of the former to the office can be disputed. The common council, acting as a board of canvassers, has declared that he had been elected to the office of mayor. The certificate of such election is sufficient evidence of the fact, in all cases, except in an action by another person claiming the office. The relator has acted upon the evidence thus furnished by the common council. He has taken possession of the office and discharged its duties. And now, in an action against the corporation, to recover the salary of the office, I do not see how his right to the office could be brought in question. I think the corporation would be concluded by the certificate of the common council, from denying the right of the relator to the salary belonging to the office. In an action brought to try the right to the office, the person who should finally be adjudged to be entitled to the office would also be entitled to recover from the relator the emoluments of the office, which he had received. But I think his right to those

The People *v.* Thompson.

emoluments can be brought in question in no other way. (*See Code*, §§ 435, 439.)

But the relator has a complete and adequate remedy by action. His salary is a debt against the corporation, and may be recovered by suit, like any other debt. His case does not differ in this respect, from that of a hundred other officers and employees, each of whom may, if his compensation is not paid, maintain his action against the corporation to recover the amount due him. It is not a case for the application of the remedy sought by this motion. The writ of mandamus has never been allowed where it appeared that the party applying for it could accomplish the same thing by an action. It was never designed to be a remedy for the collection of a debt. It is true that it need not always appear that without it the party would be entirely remediless. Thus, in *McCullough* v. *The Mayor &c. of Brooklyn*, (23 *Wend.* 458,) the action was brought to recover the amount awarded to the plaintiff for land taken upon the opening of a street. The action failed, on the ground that it did not appear that the corporation had collected the money from those who had been assessed to pay it. It was said by Bronson, J., that though an action might lie against the defendants for neglect of duty, yet a mandamus to compel them to perform that duty would be a more appropriate remedy. It would be, for the reason that the plaintiff had no other means of obtaining the money which had been awarded to him. He might sue the corporation for neglect of duty, and recover such damages as a jury might see fit to award. But this would not be an *adequate* remedy. The money to which he was entitled would still remain unpaid.

So in the case of *The People* v. *The Supervisors of Columbia*, (10 *Wend.* 363,) an application was made for a mandamus to compel the supervisors to assess and levy, as other county charges are assessed and levied, certain moneys due the state. It was objected, that an action would lie in favor of the people, against the county. The motion was granted. Savage, Ch. J., said: " Should it be thought that the offending supervisors ought to respond personally in damages, still there is no

principle which would graduate the damages to the deficiency arising from the mortgage in question. Besides, the law does not contemplate satisfaction in any other manner than by an assessment upon the taxable property of the county. An action therefore, is not the appropriate remedy." (*See The People* v. *The Supervisors of Chenango*, 1 *Kernan*, 568.) The invariable test, by which the right of a party applying for a mandamus is determined, is to inquire, first, whether he has a clear legal right; and if he has, then, secondly, whether there is any other adequate remedy to which he can resort to enforce his right. If there is, he cannot have a mandamus. The writ only belongs to such as have legal rights to enforce and find themselves without an appropriate legal remedy. To prevent a failure of justice, and only for this, the court will avail itself of this extraordinary power. In this case, I have assumed that the relator has a *legal right*—that he is entitled to receive his salary as mayor. If so, there is nothing in the way of his enforcing payment by an action against the corporation. His motion must therefore be denied; but I do not regard it as a proper case for awarding costs.

[Albany Special Term, May 18, 1857. *Harris*, Justice.]