## THE PEOPLE *on rel.* CUNNINGHAM *a.* BRENNAN.

*Supreme Court, First District; Special Term, February,* 1864.

### MANDAMUS.—MUNICIPAL CORPORATION.

A municipal corporation, forbidden by law to make any additional allowance beyond the legal claim under any contract with them, may nevertheless waive

a forfeiture incurred by a contractor by not completing performance by the day named in the contract.

A mandamus does not lie against the comptroller of the city of New York to compel the payment of a claim against the corporation until the claim has been audited by the finance department.

Motion to quash writ of mandamus.

The relator, Robert Cunningham, obtained a writ of mandamus directed to Matthew T. Brennan, comptroller of the city of New York, to obtain payment of a claim against the city for services rendered under a contract with the Corporation. The contract had not been performed within the time therein specified, but the Common Council of the Corporation had passed a resolution directing the payment, notwithstanding the forfeiture.

*A. J. Willard,* for the relator.

*John K. Hackett,* for the defendant.—I. The Common Council had no power to direct the payment of the money in question. (*Charter,* 1857, § 46.) This section provides as follows: " No additional allowance beyond the legal claim under any contract with the Corporation, or for any services on its account or in its employment, shall ever be allowed." The resolution admits that the money, the payment of which it directs, was justly forfeited by reason of the failure of the relators to perform the work within the contract time. The provision of the charter is explicit in its prohibition of any allowance of the character of that made by the resolution. The resolution, therefore, being in direct conflict with the provision of the charter, could not impose any duty upon the comptroller.

II. Admitting the validity of the resolution, the relators have a remedy by action, and where that remedy exists, a mandamus will never be granted. (Shepley *a.* Mechanics' Bank, 10 *Johns.,* 484; Bryce *a.* Pres't of Brooklyn, 1 *Wend.,* 318; *Exp.* Lynch, 2 *Hill,* 45; *Exp.* Freemans' Ins. Co., 6 *Ib.,* 243.) The relators' right to the money must of necessity rest in their contract. They can institute a suit upon the contract for the recovery of the balance claimed, and if the Corporation should defend upon the ground that the contract was not performed

in time, they could then introduce the resolution as proof that the defence pleaded had been waived.

III. The claim of the relators having never been audited by the auditing bureau of Finance Department, the comptroller cannot and should not be compelled to draw his warrant for ·the amount claimed. (*Charter*, 1857, § 22 ; People *a.* Flagg, 17 *N. Y.*, 584.)

IV. The fact that the appropriation out of which the payment is directed to be made is exhausted, is fatal to the application for a mandamus. (*Charter*, 1857, § 28 ; People *a.* Burrows, 27 *Barb.*, 89 ; People *a.* Tremain, 17 *How. Pr.*, 142.)

V. The comptroller owes no duty to the relators, and, therefore, they are not entitled to a mandamus. (Green *a.* Wood, 35 *Barb.*, 653.)

VI. The application should be denied, with costs.

J. F. BARNARD, J.—The Common Council may waive, I think, the time for the performance of a contract. It would be a hard rule of construction which would prevent a party to a contract from waiving a penalty incurred by non-performance at the day named, no matter how controlling the reason and excuse may be for non-performance.

The fatal defect to this writ is that the bill has not been audited by the " Department of Finances." This department must certify the claim to the comptroller. Until that is done the comptroller's duty is plain and imperative. The Common Council cannot audit and allow claims. The Finance Department only can. If they refuse to allow and audit a just claim, they are the proper parties to proceed against by mandamus.

Motion to dismiss writ of mandamus granted, with $10 costs.