WM. IRELAND v. J. S. HUNNEL, Appellant.

Town Treasurer: MINISTERIAL ACT.  A town treasurer can not refuse payment of an order allowed by the council and signed by the recorder, on the ground that the bill for which the order was issued should not have been allowed.

SIGNATURE TO ORDER.  In the absence of an ordinance prescribing by whom orders on the treasurer should be signed, or upon whose order he should make payment, an order directed by the council to be issued, and attested by the recorder should be paid, though it be not signed by the mayor.

LOST ORDER, AUTHORITY FOR PAYING.  Where a nonnegotiable order can not be produced on the trial but is fully identified in the record, a judgment ordering its payment authorizes the treasurer to pay it.

*Appeal from Wapello District Court.*—HON. CHARLES D. LEGGETT, Judge.

TUESDAY, JANUARY 30, 1894.

ACTION of *mandamus* to compel the defendant, as treasurer of the incorporated town of Eldon, to pay a certain order.   Judgment was entered in favor of the plaintiff.   Defendant appeals.—*Affirmed.*

*W. H. C. Jaques* for appellant.

*Work & Blake* for appellee.

GIVEN, J.—The evidence shows that the town council ordered a sidewalk to be constructed "from the north side of Elm street, along and upon the sidewalk ground, to the south side of Walnut street;" that on January 4, 1886, the bill of William Ireland was allowed by the town council, and an order drawn on the treasurer of the town of Eldon in favor of William Ireland for one hundred and twenty-five dollars, signed by the recorder. The treasurer refused to pay said order for the following reasons, as stated in his answer: That the town did not, and had not the right to, contract or pay for said sidewalk, for the reason that it was along the side of a county bridge in said town; that the treasurer has never been legally directed to pay said order; that one Huston is the owner thereof, and that, in a former proceeding to compel the mayor to sign said order, an order of *mandamus* was refused. The records of the proceedings of the town council are not as explicit as they should be, but it fairly appears therefrom that the sidewalk ordered was that constructed by the plaintiff; that the bill allowed was for that service, and the order drawn in his favor was for and on account of the amount allowed. The statute does not prescribe the duties of town treasurers, but confers power to do so, upon the council of incorporated towns. Code, section 514. At the time the order in question was issued, the town of Eldon had no ordinance providing by whom orders on the treasurer should be signed, or upon whose order the treasurer should make payments. It was for this reason that an order of *mandamus* was refused to compel the mayor to sign this order in favor of plaintiff. The recorder was the ministerial officer of the council, and, in the absence of

provisions to the contrary, was the proper officer to sign orders authorized by the council to be drawn on the treasurer. The treasurer was also a ministerial officer of the corporation, and, in the absence of statute or ordinance defining his duties, was chargeable with those duties usually pertaining to his office. The town council had authority to allow bills, and order their payment by the treasurer, the receiving and disbursing officer of the corporation. The recorder, as clerk of the corporation and council, was the proper officer to attest the order of the council by his official signature. The record discloses, as the real reason why appellant refused to pay this order, that the walk was built alongside of a county bridge. Whether the town council decided rightly on plaintiff's bill was not for the treasurer to determine. High, Extr. Rem., section 356, and cases cited. Under the facts, the law enjoined on appellant, as a duty resulting from his office, the payment of said order. He has refused to perform this duty, and *mandamus* is the proper remedy. It appears that, at the time of the trial, the order in question had been mislaid, and could not then be produced. The court ordered the payment of the amount of the order by the treasurer, and that "these presents being his sufficient warrant therefor." The order was not payable to order or bearer; it was fully identified in the record, and the judgment is sufficient authority to the treasurer to pay the amount. Other questions discussed are disposed of in the foregoing views. The judgment of the district court is AFFIRMED.