THOMAS H. FOSTER *vs.* FRANK C. ANGELL, Town Treasurer of the Town of North Providence.

Pub. Stat. R. I. cap. 34, § 11, provides that in addition to the officers which towns are required to elect they may appoint such special agents for the transaction of any town business not by law required to be performed by any officer known to the law as they may deem expedient.

A town at its financial meeting passed a resolution directing the town treasurer not to pay any bill or claim against the town unless such bill or claim had first been approved by an auditing committee consisting of a designated person.

*Held*, that it was within the power of a town, under Pub. Stat. R. I. cap. 34, § 11, to appoint a person to audit bills against the town, such person being an agent for the transaction of the town business not required by law to be performed by any officer known to the law.

*Held*, further, that the resolution was equivalent to a town ordinance regulating the payment of bills, and was binding upon the town treasurer.

*Held*, further, that mandamus would not issue against the town treasurer to compel him to pay a bill which had not been approved as required by the resolution of the town, although the town council had approved of the bill and ordered it paid.

Pub. Laws R. I. cap. 1412, of May 1, 1895, relating to the election of certain officers in the town of North Providence provides that all town officers excepting those mentioned in § 1 of the act, shall be elected by the town council. The act does not provide for the election of an auditor.

*Held*, that the act does not affect the powers of the town under Pub. Stat. R. I. cap. 34, § 11.

PETITION for a writ of *mandamus*.

*November* 21, 1895.   TILLINGHAST, J.   This is a petition for a writ of mandamus to issue against Frank C. Angell, Town Treasurer of the town of North Providence, to compel him to pay to the relator two certain bills of his against said

town, amounting in the aggregate to the sum of $35, which bills have been approved and ordered paid by the town council thereof, but notwithstanding which approval the respondent town treasurer refuses to pay.

The proof submitted shows that on June 8, 1895, at a financial town meeting held in said town, an appropriation of $2,600 was made for town officers; that on June 10, 1895, the relator was duly elected by the town council a "Complainant under Town Ordinances;" that his compensation was fixed at $3.50 per week for actual services; and that he was specially directed to be on duty on the night before and the day of the fourth of July, 1895. It also shows that at said financial town meeting the following resolutions were passed, viz:—

"That the town treasurer is hereby directed not to expend any money in payment of any bill or claim against the town, unless said bill or claim shall first have been approved by an auditing committee to consist of the following person, Thomas W. Angell.

"And the holder of such bill or claim against the town shall be left to collect the same against the town by due process of law, whenever said committee shall not have approved the same.

"In case of any vacancy in the above committee by death, resignation or otherwise, such vacancy shall be filled by the town council.

"And be it further resolved, that all expenditures to be made pursuant to votes of this town meeting shall be subject to the above conditions."

Proof has been submitted on the part of the relator, on the one hand, that the services were actually rendered as set out in his bills; that he acted under the direction of the town sergeant in performing said services; that his claim is a just and reasonable one, and that his bills therefor have been approved and ordered paid by the town council.

Proof has also been submitted on the part of the respondent, on the other hand, that the relator has never performed the services for which he claims said compensation; that said

claim is not a just and valid claim against the town, but that there is a good and valid defence thereto which the respondent alleges he is able and ready to maintain in a court of law ; and, furthermore, that said bills have never been audited by said Thomas W. Angell, the relator not having presented the same to him for audit, and not having produced any evidence to him of the rendition of said services.

In this state of the proof we think it is clear that mandamus will not lie to compel the payment of the claim. The reasons which lead us to this conclusion are : *First*, that it appears that the relator's claim is a disputed one, and hence he does not show a *clear legal right* to have the act done which he asks that the respondent be compelled to do. And it is well settled that mandamus will not lie in cases of doubtful right. It lies merely to command that to be done which clearly ought by law to be done. In other words, in order to obtain the writ, the applicant must show a plain dereliction of duty and a specific and complete *right* which is to be enforced. Angell & Ames on Corporations, § 709 ; *Glasscock* v. *Commissioner*, 3 Tex. 51 ; *Free Press Association* v. *Nichols*, 45 Vt. 7 ; *People* v. *Thompson*, 25 Barb. 73 ; *People* v. *Brooklyn*, 1 Wend. 318 ; *Portland Stone Ware Co.* v. *Taylor*, 17 R. I. 33 ; *Simmons* v. *Davis*, 18 R. I. 46. And, *second*, the writ will not lie because the relator's bills against the town have not been audited in accordance with the vote of the town aforesaid, and hence the respondent has no authority to pay the same.

It is true that said bills have been approved and ordered paid by the town council, and hence that the relator has taken all the necessary steps to enable him to prosecute his claim against the town in an ordinary action at law. It is also true, as contended by counsel for the relator, that the town treasurer is a ministerial officer ; and it is clearly his duty to pay all bills which have been properly audited, unless he can show some error or fraud in connection therewith. *Portland Stone Ware Co.* v. *Taylor*, *supra;* Spelling on Extraordinary Relief, § 1434 ; *Ireland* v. *Hunnel*, 90 Iowa, 98 ; *In re State House Commission and State Auditor*, *infra*.

But we do not agree with the contention of counsel for relator that the town exceeded its authority in appointing an auditor and in requiring that all bills against the town should be approved by him before payment thereof should be made by the town treasurer. Pub. Stat. R. I. cap. 34, § 11, provides that "Towns may and shall elect all such town officers as are or may be by law required, and may appoint such other officers as by law empowered, and such special agents, for the transaction of any town business not by law required to be performed by any officer known to the law, as they may deem expedient." The duty of auditing bills against a town is nowhere expressly devolved upon the town council thereof, although it is clearly implied from the provisions of Pub. Stat. R. I. cap. 34, § 12 ; yet we see no reason why any town may not rightfully require, in addition to their approval of said bills, a further approval by such an agent as it may designate for that purpose before the town treasurer shall pay the same. In short, the money in the town treasury having been raised by the taxpayers, they evidently have the right to surround the disbursement thereof with all reasonable safeguards. The vote hereinbefore quoted is tantamount to an ordinance of the town regulating the payment of bills ; and, it being within the power of the town to pass and enact ordinances for the proper conducting of the business thereof, (*Farnsworth* v. *Pawtucket*, 13 R. I. 82, 87,) said vote has the force of law, and is absolutely binding upon the respondent, until, at any rate, some power superior to that of the town shall interfere. The case of *Dubordieu* v. *Butler*, 49 Cal. 522, is very nearly in point. There the relator held a warrant against the city treasurer for the payment of $155.03, drawn by the chairman and secretary of the city water fund in due form, but not audited by the common council as required by an ordinance of the city. And the court held that the ordinance, which was pleaded by the respondent, presented a plain defence to the application of the relator for the writ. In *State, ex rel. Conant* v. *Fuller*, 18 S. C. 246, it was held that a writ of mandamus will not issue to compel a county treasurer to pay an auditor's checks

for assessment expenses, where the accounts for which the checks were issued have not been examined and approved by the county commissioners as required by the act of 1875, § 23, (15 Stat. 993) and subsequent legislation. The court says: "It is well settled that the writ of mandamus can only issue to compel the performance of some act obligatory by law on the officer to whom it goes. He must have the ability to comply, and must be also under a clear duty in respect thereof."

The case of *The People, ex rel. Cunningham* v. *Brennan*, 18 Abb. Pr. 100, is also in point. In that case the relator held a claim against the comptroller of the city of New York for services rendered, which claim had been approved and ordered paid by the Common Council of the Corporation, but had not been audited by the "Department of Finances." The court held that until the bill was properly audited, the duty of the comptroller was plain and imperative. See also *Schwanbeck* v. *People, ex rel. Smith*, 15 Col. 64; *State, ex rel. Pinac*, v. *Mount*, 21 La. An. 352; 2 Spelling on Extraordinary Relief, § 1502.

Counsel for the relator has called our attention to Pub. Laws R. I. cap. 1412, passed May 1, 1895, relating to the election of certain officers in the town of North Providence, and contends that by virtue thereof the election of all town officers, excepting those mentioned in § 1, is devolved exclusively upon the town council. This appears to be the law relating to said town. But as no provision is made therein for the election of an auditor, he is not an officer of the town within the meaning of said act, and hence the powers of the town under Pub. Stat. R. I. cap. 34, § 11, before referred to, remain the same as they existed before the passage of said act. The person appointed to audit the bills against the town was merely an agent thereof for the transaction of certain town business not by law required to be performed by any officer known to the law.

Petition dismissed.

*Peter H. Quinn*, for petitioner.
*James C. Collins*, for respondent.