IRVING P. HUDSON *vs.* EDWARD A. JOHNSON.

NOVEMBER 3, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Town Auditors.   Municipal Corporations.   Ordinances.   Title of Office.*

Pub. Laws, cap. 402, passed April 30, 1909, amending Gen. Laws, cap. 40, provided that "the town council of any town may elect one or more town auditors, prescribe their duties by ordinance, and fix their compensation." June 14, 1909, the town council passed an ordinance, which provided that "the town council shall elect annually in the month of June, another town officer, who shall be known as the 'town auditor of all bills and claims against the town,' " and on the same day the town council elected petitioner as "town auditor of all bills and claims against the town." On May 31, 1909, at a financial town meeting, respondent had been elected as a "finance committee."

Petitioner brings, under C. P. A., § 1160, his petition in equity to try the title of respondent to his office, averring that the election of respondent was superseded by the later election of petitioner:—

*Held,* that, while the Assembly had entrusted the town councils of the several towns with the power of specifying the duties of town auditor, the ordinance in question, while it created a title, was silent as to the duties and neither granted powers nor defined what effect his acts should have on bills and claims allowed or disallowed by the town council.

*Held,* further, that his duties were not defined by his title.

*Held* further, that, before petitioner could claim to be deprived of his powers by respondent, such powers must be first imposed and conferred by an appropriate ordinance.

*Held*, further, that, as the legality of petitioner's election was not questioned by respondent and it was not contended that it was competent for the taxpaying electors at a financial town meeting to create or fill by popular election a public office in the sense in which the term was used in the constitution, the proceeding could not be maintained.

*Quære* if a town council can by ordinance confer upon such an auditor duties and powers which the statutes have heretofore conferred either on the council or other competent authority.

PROCEEDINGS IN EQUITY under C. P. A., § 1160. Petition dismissed.

BLODGETT, J.   Under the provisions of section 1160, C. P. A., which provides that "The title to any office, to determine which the writ of *quo warranto* lies at the common law, may be brought in question by petition in equity in the Supreme Court," the petitioner, averring his election by the town council of the town of Coventry, on June 14, 1909, as "Town Auditor of all bills and claims against the town of Coventry," and that pursuant to said election he has duly qualified according to law, brings this petition in equity against the respondent, whose selection by the taxpaying voters of the town at a financial town meeting, held on May 31, 1909, as a "finance committee," he avers was superseded by the later election and qualification of the petitioner as such town auditor.

By chapter 402, Pub. Laws, passed April 30, 1909, the General Assembly amended Gen. Laws, cap. 40, by adding a new section thereto, as follows: "SEC. 42.   In addition to the other officers which the town council of any town is now authorized to elect, the town council of any town may elect one or more town auditors, prescribe their duties by ordinance, and fix their compensation.

"SEC. 2.   This act shall take effect from and after its passage, and all acts and parts of acts, and all town ordinances and by-laws, inconsistent herewith are hereby repealed."

The petitioner further shows that on June 14, 1909, the town council of Coventry passed an ordinance entitled "An Ordinance of the Town Council of Coventry, based upon an Act of the General Assembly passed April 30, 1909, in amendment of Chapter 40, of the General Laws, entitled 'Of the

Town Council,'" of which the only sections relative to this petition are as follows: "Sec. 2. The town council shall also elect annually, in the month of June, another town officer who shall be known as the 'Town Auditor of all bills and claims against the town of Coventry.' The salary of this officer shall be one hundred dollars per annum.

"Sec. 3. This ordinance shall take effect on and after its passage."

It is averred by the petitioner that he was duly elected and qualified as such auditor on June 14, 1909, and that the duties of his office are described in the title of it; his contention being that he is authorized thereby to determine, not only the correctness of the computation of a bill or claim against the town, but also the legal validity thereof.

It will be observed that cap. 402, Pub. Laws, authorizes for the first time the creation of the office of "town auditor," and, without specifying the duties of such an officer, by a statute applying in all cases alike, the General Assembly has seen fit to entrust the town councils of the several towns with that power, to be exercised in each instance as may seem best in a given locality. Indeed, the election of such an officer is permissive and not mandatory in any case. Under the ordinance of the town of Coventry, in the case at bar, there has been created a title and a salary, and there has been an election of the present incumbent. But there is not a word in the ordinance which imposes any duty, or grants any power, or defines what effect his act shall have on any bill or claim allowed or disallowed by the town council, or restrains the town treasurer from payment without his approval, or provides even that his approval shall justify the treasurer in paying. Whether he can allow a claim disallowed by the town council, or whether he can disallow a claim allowed by the town council, or can do neither or both of these acts, does not appear. That his title does not define his duties is clear. Suppose a claim against the town to be presented by a traveller claiming to have been injured while driving over a defective highway. In no just sense can there be even a clerical computation of the amount of such a claim. And if the auditor is to be author-

ized to determine and allow such a claim as against the town
(for of course the claimant can sue if his claim be disallowed),
it will be readily seen that the auditor must determine many
questions both of law and of fact, such as the existence or
non-existence of the defect at the time and place complained
of; whether the place of the accident was or was not a public
highway; whether the claimant was injured at the time and
place, and to the degree, complained of; and whether such in-
juries are or are not permanent in their nature; as, also,
whether the traveller was or was not in the exercise of due
care, and free from all contributory negligence in respect of
the speed and control of his horse.

In like manner questions of law and fact must arise in re-
spect of many other classes of claims against a town, which it
is needless to enumerate. It follows that, before the petitioner
can claim that he has been deprived of his powers by the re-
spondent, and that he is unable to discharge the duties of his
office, these duties and powers must be first imposed and con-
ferred by an appropriate ordinance in accordance with the
provisions of Pub. Laws, cap. 402. Whether those powers
and duties are to be limited to ascertaining merely the math-
ematical correctness of the computations in a given instance,
or whether the action of the auditor is to be a final determi-
nation, as against the town, of the validity as well as the cor-
rectness of a claim in any instance, are questions which can
not be determined upon this record, and by a mere consider-
ation of the title given the petitioner in this ordinance. How
far, indeed, it is competent for the town council by ordinance
to confer, upon such an auditor, duties and powers which the
statutes have heretofore conferred and imposed either upon
the town council itself or upon other competent authority,
may be safely left for determination as individual cases are
presented. But there must be some action, by the town coun-
cil, which shall satisfy the statutory requirement above quoted
and shall " prescribe their duties by ordinance," before such a
proceeding as the present case can be maintained.

A second objection to the maintenance of this proceeding is
to be found in the fact that it is instituted, under section 1160,

C. P. A., to determine the title to an office. The legality of the election and qualification of the petitioner is not here questioned by the respondent; nor does either party contend that it is competent for the taxpaying electors, acting by themselves and at a financial town meeting, to create or to fill by popular election a public office in the sense in which that term is used in the constitution.

In *Foster* v. *Angell*, 19 R. I. 285 (1895), similar action by the taxpayers of North Providence, in a financial town meeting, in appointing an "auditing committee," with powers and duties similar to those specified in the votes in the case at bar as to the respondent, was thus described: "The person appointed to audit the bills against the town, was merely an agent thereof for the transaction of certain town business not by law required to be performed by any officer known to the law." The creation of a new office, and the election and qualification of the petitioner, obviously can not become effective to distinguish that case from the one at bar until at least the duties of the office are created and defined, and are thus required by law of such officer.

Petition denied and dismissed.

*Ezra K. Parker and W. Louis Frost,* for petitioner.

*P. Henry Quinn, Edward M. Sullivan and Joseph McDonald,* for respondent.