OTTO CONRAD, Appellee, v. MAME E. SHEARER, Appellant.

MANDAMUS: Subjects of Relief—Refusal to Pay Warrant. Mandamus is the proper remedy to compel a county treasurer to pay a valid and legally issued warrant from present and available funds.

COUNTIES: Purchase of Land—Nonapplicability of Limitation. The limitation on the amount or value of land purchasable without submission of the question to a vote is not applicable to the purchase of right of way for primary road.

COUNTIES: Purchase of Land—Independent Transactions. The statutory limitation against the purchase of land exceeding $10,000 in value without a vote of the people does not apply to an *independent* transaction involving a purchase of land of less than $10,000 in value, even though it is made to appear that the aggregate of *independent* transactions exceeds $10,000.

*Appeal from Washington District Court.—*H. F. WAGNER, Judge.

MAY 6, 1924.

PETITION for writ of mandamus to direct the county treasurer of Washington County, Iowa, to pay or indorse a certain warrant in the sum of $418.50, from the county road fund, drawn

by the auditor of said county upon the treasurer, on order of the board of supervisors. To the petition, defendant filed answer. To the answer, plaintiff filed an equitable demurrer, which the court sustained. Defendant having elected to stand upon her said answer, judgment was rendered in favor of plaintiff, as prayed. Defendant appeals.—*Affirmed.*

*W. M. Keeley,* for appellant.

*Bailey & Baldridge,* for appellee.

DE GRAFF, J.—This is an action in mandamus. The petition recites that, on September 13, 1922, pursuant to an order of the board of supervisors of Washington County, the auditor of said county issued and delivered to the plaintiff a certain county warrant, drawn upon the defendant as treasurer of said county, and directing said treasurer to pay to the plaintiff the sum of $418.50 from the county road fund of said county; that, on the 4th day of October, 1922, plaintiff presented said warrant to the county treasurer and demanded payment, which was refused; that he further demanded that the treasurer certify or indorse upon the warrant that payment was not made because of lack of funds, which was refused; that a subsequent similar demand was made, which was also refused; that said refusals were wrongful and in violation of the duty imposed by law upon a county treasurer; and that plaintiff has suffered loss of interest and damage thereby, and has no other plain, speedy, or adequate remedy. The prayer of the petition is that a writ of mandamus issue, to compel the treasurer to act in the premises by either paying said warrant or by certifying or indorsing thereon the reason for nonpayment.

Defendant, answering, admitted the execution, issuance, and delivery of the warrant, the presentation thereof to the county treasurer, and demand for payment. It is further alleged in justification for the nonpayment of said warrant that, during the year 1922, the board of supervisors of Washington County, Iowa, under and by virtue of the statutes of Iowa relating to the improvement of primary roads, and as part of the improvement of primary roads known as Nos. 11 and 2 in said county, under

Federal Aid Project No. 167, and in harmony with plans and specifications made and filed in the office of the auditor of said county, proceeded to appropriate certain additional widths or areas for right of way of said primary roads requisite for such improvement, and therein and by virtue of the statutes of Iowa relating to the taking of right of way for primary roads, negotiated with the plaintiff for the grant for highway purposes of a strip of land owned by said plaintiff and adjoining primary road No. 11 in said county, so as to widen said road, and that the county entered into an agreement with the plaintiff as to the amount of damages or compensation to be sustained by him through the taking and appropriation of such property, which was in the amount of the warrant in suit; that, at or about the same time, and in connection with the same Federal aid project, the board of supervisors made similar arrangements with the owners of other tracts of land for the same purpose, and, in settlement and adjustment of the damages claimed by the owners of such tracts of land and the removal and rebuilding of fences and the removal and changing of location of buildings, agreed to pay and ordered warrants drawn for payment of sums of money aggregating more than $10,000, and directed said warrants to be delivered in the respective amounts to the respective claimants.

To this answer a demurrer was filed, in which it is averred that the facts pleaded do not constitute a defense or entitle the defendant to the relief demanded or any other relief. This appeal involves the correctness of the ruling of the trial court sustaining the demurrer.

The answer to this proposition must be found in the statutes of Iowa. Clearly, mandamus is the proper remedy. *Ireland v. Hunnel,* 90 Iowa 98; Sections 482 and 483 of the Code of 1897.

1. MANDAMUS: subjects of relief: refusal to pay warrant.      There can be no claim, under the record before us, that $10,000 or more was expended or agreed to be expended in the purchase of land to be used as a right of way alone. The contracts were made with particular individuals, and contemplated not only the value of a right of way as to particular parcels of land, but the removal and rebuilding of fences, the changing of the location of buildings,

and the damages resulting to remaining tracts of land. It is so pleaded.

Section 422 of the Code of 1897, as amended, defines and specifies the powers that a board of supervisors may exercise at any regular meeting. Section 423, as amended, imposes upon the board certain limitations in the exercise of the powers previously conferred, and *inter alia:* "The board of supervisors shall not order * * * the purchase of real estate for county purposes exceeding ten thousand dollars in value, until a proposition therefor shall have been first submitted to the legal voters of the county, and voted for by a majority of all persons voting for and against such proposition."

2. COUNTIES: purchase of land: nonapplicability of limitation.

It is clear that the limitation in question must find application to a county purpose as such, and the statute must be construed to apply only to the specific limitations therein contained, and may not be extended by judicial construction beyond the clear legislative intent. The system of improvement by primary roads is not strictly limited to a purpose exercised by the county as a political entity, nor does the instant purpose fall within the classification as defined in Section 423. The facts do not involve the issuance of bonds or the question of hard surfacing of roads within the county. A "county purpose" is one exercised by the county, acting as a municipal corporation. It results in a use or control through the county by its lawfully. constituted agents, such as the erection of a courthouse or county home, or other project *sui generis.* Our primary road system is essentially a state system. See Chapter 237, Acts of the Thirty-eighth General Assembly, as amended by Chapter 84, Acts of the Fortieth General Assembly. In order that it may be carried on most advantageously to the state, improvements are made under plans approved by the state highway commission.

It is a sufficient answer, for the purposes of this case, that the transaction in question, involving the expenditure of less than $500, was but one of several independent transactions, involving an alteration or change in an existing highway. A board of supervisors has the power to purchase a right of way and to pay for same from the county road fund when it is deemed

3. COUNTIES: purchase of land: independent transactions.

advisable to change the course of any part of any road or to straighten any road, upon complying with the conditions prescribed by the statute. Section 1527-r1, Supplemental Supplement to the Code, 1915. There is no contention that the statutory procedure was not observed, and in the absence of a showing to the contrary, we must presume the regularity of official acts.

We discover no reason for disturbing the ruling on the demurrer. The granting of the writ rests in the sound discretion of the court, and there is no abuse of discretion shown. The judgment entered is—*Affirmed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.